27407. GENERAL ACCIDENT &c. ASSURANCE CORPORATION *v.* JOHN P. KING MANUFACTURING COMPANY, *et al.*

DECIDED JULY 7, 1939.

*Bussey & Fulcher,* for plaintiff.

*Cumming, Harper & Nixon, Bryan Cumming,* for defendant.

STEPHENS, P. J. As provided in the act of the General Assembly, amendatory of the Georgia workmen's compensation act, approved March 30, 1937 (Ga. L. 1937, pp. 528-530), wherein the Code, § 114-403, was amended, a person such as an insurance company, who, as provided in the Georgia workmen's compensation act as amended, is liable to pay compensation to an injured employee of an employer to whom the insurance company has issued a policy of insurance as provided in the compensation act is entitled to reimbursement, to the extent of the compensation paid, from a person other than the employer, whose act caused the injury to the injured employee, and who has made payment to the injured employee in settlement of the latter's claim for damages on account of the injury. The insurance company is subrogated to the right of the injured employee to recover from the person whose act caused the injury, to the extent of the compensation paid.

As provided in the act of the General Assembly, approved March 24, 1933 (Ga. L. 1933, pp. 184, 185), amendatory of the workmen's compensation act, as contained in the Code, § 114-607, an insurance company which has issued to an employer who is subject to the compensation act a policy of compensation insurance which covers an employee who may be exempt from the provisions of the act and is not entitled to compensation under the act shall not plead such exemption of the employee as a defense, but compensation shall be paid to the injured employee, or his dependents if he is deceased, for a compensable accident, as if the employee were subject to the compensation act. The policy of insurance issued to the employer constitutes a definite contract among all parties concerned. The insurance company which has issued such policy is the person called upon and obligated to pay compensation under the provisions of the workmen's compensation act as amended; and, to the extent of the compensation paid by it to the injured employee covered by the policy of compensation insurance, is entitled to recover from the person whose act caused the injury to the injured employee, and who has paid to the injured employee a sum of money in settlement of the injured employee's claim for damages.

In *New Amsterdam Casualty Co.* v. *Griner*, 176 *Ga.* 69 (166 S. E. 864), wherein it was held that an insurance carrier which had issued to a municipality a policy of compensation insurance covering a policeman employed by the city, and which had paid compensation to the policeman, was not entitled to indemnity from the person liable in damages as a tort-feasor for the injury inflicted upon the policeman, or to subrogation to the injured policeman's right to recover damages from such wrong-doer, the insurance carrier was under no legal duty or obligation, as insurance carriers who issue such policies now are, as provided in the act of 1933, supra, to pay compensation to an injured employee who was exempt from the provisions of the compensation act, and was not entitled to take compensation thereunder. That case arose before the act of 1933, by which an insurance carrier, who has issued a policy of compensation insurance covering an employee ordinarily exempt from the provisions of the compensation act, shall not plead the exemption as a defense, but shall be liable to compensation to the injured employee as if the employee was subject to the act.

It appearing from the petition, as amended, of General Accident, Fire and Life Assurance Corporation Limited *v.* John P. King Manufacturing Company and George Moore, that J. B. Bowman, a policeman employed by the City of Augusta, received an injury growing out of and in the course of his employment, resulting from alleged negligence of the defendants, who were not employers of the policeman, that the plaintiff insurance corporation had issued to the City of Augusta a compensation-insurance policy covering J. B. Bowman, the policeman employed by the city, and collected from the city a premium therefor; that after the date of the alleged accident the insurance carrier entered into an agreement to pay compensation to J. B. Bowman, with the approval of the Industrial Board of Georgia, on October 19, 1937, and paid J. B. Bowman $50 as compensation and $50 as medical services; that on May 20, 1937, the "defendant" settled with J. B. Bowman by paying to him directly, without notice to the plaintiff insurance carrier, the sum of $700, and that the plaintiff has not been paid anything by either defendant, the petition as amended set out a cause of action in favor of the plaintiff, to the extent of the compensation paid by it, against the defendants, who settled with and paid to J. B. Bowman $700 in settlement of J. B. Bowman's claim for damages

against the defendants. Code, § 102-102. The court erred in sustaining the motion of the defendants to dismiss the petition as amended, and in dismissing the action.

*Judgment reversed. Sutton and Felton, JJ., concur.*