Louis W. Smith was injured in the course of his employment while working for B.P. McDonough, a contractor, on June 23, 1943. Smith was a hod carrier and while engaged in pouring cement in a hole, some hot pitch or tar was dropped or thrown upon him by employees of the Consolidated Roofing Company who were working 25 feet above him. He was severely burned about the left side of his neck, arm and hand. On August 13, 1943, Smith compromised his claim against the Consolidated Roofing Company for the sum of $1,234.16 and on July 26, 1944, brought this suit against his employer, B.P. McDonough and his insurance carrier, the United States Fidelity Guaranty Company, alleging that he was totally disabled as a result of his injuries and asking for compensation at the rate of $20 per week for 400 weeks less a credit of $40 paid him for two weeks compensation.
The defendants answered denying that the plaintiff was entitled to any more compensation than the two weeks paid him and averred that the plaintiff was estopped from claiming any thing further from the defendant because of his action in compromising his claim against the Consolidated Roofing Company, whose employees had caused his injuries, without the knowledge or consent of his employer, McDonough, the contention being that as a result of this compromise McDonough had been deprived of his right of action for indemnification from the Consolidated Roofing Company. In the alternative, defendants averred that if further compensation should be awarded Smith, credit should be given them for the $1,234.16 paid Smith by the Consolidated Roofing Company. The defendants called in warranty the Consolidated Roofing Company and the American Mutual Liability Company, its insurance carrier. Exceptions of no cause of action and lis pendens filed by defendants in warranty were maintained and the call in warranty dismissed. An order of appeal from this judgment was obtained but subsequently abandoned.
The case went to trial on its merits and resulted in a judgment in favor of plaintiff and against B.P. McDonough and the United States Fidelity Guaranty Company, in solido, for 400 hundred weeks compensation at $20 per week beginning July 23, 1943, subject to a first credit of $40 covering two weeks compensation previously paid and a second credit of $1,234.16, the amount which the plaintiff received from the Consolidated Roofing Company in compromise. From this judgment the defendants have appealed. The plaintiff has answered the appeal asking that the judgment below be amended by disallowing the credit of $1,234.16.
The first question for our consideration is that of estoppel. Section 7 of Act No. 20 of 1914, as amended by Act No. 247 of 1920, reads as follows:
"1. When an injury for which compensation is payable under this Act shall have been sustained under circumstances creating in some other person (in this section referred to as third person) than the employer a legal liability to pay damages in respect thereto, the injured employee or his dependent may claim compensation under this Act; and the payment or award of compensation hereunder shall not affect the claim or right of action of such injured employee or his dependent against such third person, nor be regarded as establishing a measure of damages for such injury; and such injured employee or his dependent may obtain damages from or proceed at law against such third person to recover damages for such injury.
"2. Any employer having paid or having become obligated to pay compensation under the provisions of this Act may bring *Page 820 
suit against such third person to recover any amount which he has paid or become obligated to pay as compensation to any injured employee or his dependent; provided, that if either such employee or his dependent, or such employer, shall bring suit against such third person, he shall forthwith notify the other in writing of such fact and of the name of the Court in which such suit is filed, and such other may intervene as party plaintiff in such suit.
"3. In the event that such employer or such employee or his dependent shall become party plaintiff in such suit and any damages are recovered, such damages shall be so apportioned in the judgment that the claim of the employer for the compensation actually paid shall take precedence over that of the injured employee or his dependent; and if the damage shall not be sufficient or shall only be sufficient to reimburse the employer for the compensation which he has actually paid, with a reasonable attorney's fee, to be fixed by the Court rendering the judgment, and his costs, such damages shall be assessed solely in his favor; but if the damages shall be more than sufficient to so reimburse the employer, the excess shall be assessed in favor of the injured employee or his dependent; and upon payment thereof to the employee or his dependent the liability of the employer for compensation shall cease for such part of the compensation due hereunder, computed at six per centum per annum, as shall be satisfied by such payment.
"4. No compromise with such third person by either the employer or the injured employee or his dependent shall be binding upon or affect the rights of the other unless assented to by him."
As this section originally appeared in the Act of 1914, the employer was given a right of action by subrogation and one of indemnification. The provision with reference to subrogation was not repeated in the amendment of 1920, which confers only a direct action for indemnification against the third party responsible for the employee's injuries. In the case under consideration here, the employer was not consulted with reference to the compromise which was made without his knowledge or consent in violation of the provisions of paragraph 2 of Section 7 as amended, requiring written notice of the bringing of suit, which obviously includes the demand and settlement of his claim without litigation.
Counsel strenuously contends that the action of the plaintiff in compromising his claim against the Consolidated Roofing Company destroyed defendants' right to proceed against the Consolidated Roofing Company in indemnification of its loss because of the injury to its employee by the fault of the Consolidated Roofing Company.
Paragraph 4 of Section 7, as amended, reads as follows: "No compromise with such third person either by employer or the injured employee or his dependent shall be binding upon or affect the rights of the other unless assented to by him."
Nevertheless, says counsel, "Smith has stripped McDonough and U.S. F. G. Co. of their right of subrogation, recovery and indemnification against the said third person."
In support of their position counsel cite a number of cases from other jurisdictions among them DeShazer v. National Biscuit Co., 1946, 196 Okla. 458, 165 P. 816. The Oklahoma statute contained the following with reference to compromise by the workman with a third person: "The compromise of any such cause of action by the workman at any amount less than the compensation provided for by this act shall be made only with the written approval of the Commission, and otherwise with the written approval of person or insurance carrier liable to pay the same."
DeShazer compromised his claim against the party responsible for his injury without notifying the Industrial Commission or his employer and the Supreme Court of Oklahoma held that in electing to pursue his claim against the railroad company, the third party, he had forfeited his right to compensation from his employer. See also Parkhill Truck Company v. Wilson,190 Okla. 473, 125 P.2d 203.
It will be noted that the Oklahoma compensation statute while similar in some respects to our statute, is not the same. The Oklahoma statute declares that the compromise of the workman's claim "at any *Page 821 
amount less than the compensation provided for by this act shall be made only with the written approval of the Commission," 85 O.S.1941 § 44, while the Louisiana statute expressly declares that no compromise shall be binding upon either the employer or the injured employee unless agreed to.
In Chauvin v. Louisiana Power Light Co., 177 La. 193,148 So. 23, 28, our Supreme Court in considering paragraph 4 of Section 7 of the Compensation Act, as amended, held that a compromise by a third party with an injured employee was valid so far as the third party and the employee were concerned, though made without the knowledge or consent of the employer.
The argument here made to the effect that such compromise destroys the right of the employer to pursue the third person responsible for the injury to the employee is not valid because, in the amendment of 1920 the employer is given a right of direct action against the third person which is, under the express terms of the act, not affected by any compromise made by his employee without his knowledge or consent.
In the Chauvin case Judge Odom used the following language: "The employer paying the compensation has the same, but no greater, rights than the employee, and his action is necessarily subject to the same limitations. Such action as may be brought by the employer against the third person is one in tort and is prescribed in one year under the general law. Foster Glassell Co. v. Knight Bros., 152 La. 596, 93 So. 913."
[1] We find this difficult to understand particularly in view of the statement found in Appalachian Corporation v. Brooklyn Cooperage Co., 151 La. 41, 91 So. 539, 543, to the effect: "The defendant has filed in this court a plea of prescription of one year, on the theory that the plaintiff's action, if any it has, arises from a tort. It is true that the suit of the injured party grew out of a tort; and, while the present suit is a sequence of the former suit, it does not necessarily follow that the two causes of action are the same, and * * * are to be governed by the same law of prescription. The obligation * * * to the plaintiff is for reimbursement of money paid for and on its behalf, which under the law the defendant was liable for and should have paid."
But whatever was decided in the Chauvin case or whatever may have been intended by the distinguished author of that opinion, he did not say, indeed, he could not say, for it would have been in the very teeth of the statute to have done so, that the compromise without the knowledge of the employer affected the employer's right of recovery against the third person. The act, as amended by Act No. 247 of 1920, does not repeat the right of subrogation whatever may be said of the general law on the subject as conferring this right upon the employer. As the law now stands, both the employee and the employer have a right of action against the third person responsible for the workman's injury and no compromise or settlement by either party can affect the right of the other party under the express terms of the statute.
In Sweat v. Allen, 1941, 145 Fla. 733, 200 So. 348, 351, a case remarkably similar to the one here, was before the Supreme Court of Florida. There it was held:
"We have said that the provision requiring that the employee give notice of his election to sue the third party was for the protection and benefit of the employer, or the person liable for the statutory compensation, in that he can take steps to see that an adequate recovery is obtained. Hartquist v. Tamiami Trail Tours, 139 Fla. 328, 190 So., 533. In such event, the recovery or settlement inures to the benefit of the employer.
"What then is the effect of a settlement, less than the compensation allowable, between the employee and a third person where no notice is given and the person liable for compensation does not partake therein or ratify it? Is the employee barred from recovering compensation? If not, is the right of subrogation extinguished which the employer or his insurance carrier would ordinarily have?
"It is our conclusion, in view of the policy of the Act and the purpose of section 39, that a negligent third party cannot, without the consent or concurrence of the employer, effect or preclude the right of the employer to the recovery of damages against him to the extent of compensation *Page 822 
allowable by settlement with the injured workman. The wrongdoer must take notice of the rights of all, and cannot by a settlement with the injured party increase the burden of the innocent employer. The statute, while protecting the workman, does so without sacrificing the rights of either the employer or the third party. The latter cannot be placed in any less favorable position, because whatever he pays he cannot be called upon to pay again; but, if he settles for less than his actual liability, he remains liable to the employer for such excess up to the amount allowed under the Act. See Everard v. Woman's Home Companion Reading Club, [234] Mo. App., [760,]122 S.W.2d 51; General Accident Assurance Corp. v. John P. King Mfg. Co., 60 Ga. App. 281, 3 S.E.2d 841. The release in such case constitutes no obstacle in the way of the insurer prosecuting the assigned claim against the third party, and hence is no defense to these proceedings for compensation by the employee."
[2] We have said that the cause of action given the employee and that given the employer are not the same. A consideration of the statute indicates that the injured workman may sue the third person, ex delicto, in an action sounding in damages, whereas the action conferred upon the employer is one of indemnification for the expense to which it has been put because of the negligence of the third person. In the one case, that of the employee, his recovery is limited to and based upon the unliquidated damages which he has suffered, whereas in the other case, that of the employer, it is for a fixed amount which, as the Supreme Court of Florida says, though based upon the same transaction is quite a different thing.
In General Accident Assurance Corporation, v. John P. King Mfg. Co. et al., 60 Ga. App. 281, 3 S.E.2d 841, 842, in a syllabus by the Court, we find: "An insurance company which has issued a policy of compensation insurance to an employer who is subject to the provisions of the workmen's compensation act, where the policy covers an employee who is ordinarily exempt from the provisions of the act, is liable to pay compensation to the employee for a compensable injury; and where the insurance company pays to the employee such compensation, it is entitled to reimbursement, to the extent of the compensation thus paid, from a person, other than the employer, whose act was the cause of the employee's injury, and who has paid to the employee a sum in settlement of the employee's claim against such person, equal to or in excess of the amount of compensation which the insurance company has paid to the employee, and may maintain a suit against, and recover the amount so paid from, the person whose act caused the injury and who settled with the employee therefor."
We conclude that the plea of estoppel is not valid.
[3] On the merits, the medical testimony clearly preponderates in favor of the plaintiff and in support of the judgment of the lower court awarding total disability.
[4] In regard to the claim of the plaintiff in his answer to the appeal to the effect that the credit of $1,234.16 received in compromise should be disallowed, we observe that in paragraph 3 of Section 7, as amended, it is provided that where suit is brought by either the employer or the employee for damages against the third person and the amount recovered is not sufficient to discharge the obligation of the employer for compensation, he alone is entitled to the amount so recovered. In other words, a preference is given the employer whether the suit is brought by the employer or the employee and we believe a similar situation obtains where a compromise is made. Therefore, the credit was properly allowed.
Insofar as the contention of defendants' counsel to the effect that defendants' call in warranty should have been maintained and not dismissed below is concerned, we observe that the appeal from the judgment disallowing the call has been abandoned, therefore, the question is not before us.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.
 *Page 131