HOFFPAUIR, Judge Ad Hoc.
The plaintiff’s minor son, Charles Arthur Ford, employee of the defendant, Otto Kurtz, doing business as O. K. Grocery & Market, sustained accidental injuries on September 17, 1949, while the said minor employee was engaged in the course and scope of his master’s employment. The employment was admittedly hazardous, and the accident and injuries were in all respects, covered by the Employers’ Liability Act,-Act No. 20 of 1914, as amended, our Compensation Act. The circumstances of the accident were that while the minor employee was engaged in the delivery of merchandise for his employer, using for that purpose a motorscooter, at the intersection of Clarence and Common Streets in the City of Lake Charles, a collision occurred between an automobile owned and driven by James Prejean, and a truck driven by Willie Whittington, an employee of Howard Haye, doing business as Haye’s Grocery, and while in the course and scope of his employment, which had the effect of throwing one of the motor vehicles onto and injuring the said minor employee.
On September 20, 1949, three days after the accident, plaintiff individually and for the use and benefit of his minor son, sued the said James Prejean and Willie Whit-tington, jointly and in solido, in tort, for damages in "the sum of $2390.00 resulting from the injuries received by the minor and the medical expenses incurred by him.
After institution of the suit, Howard Haye, the employer of Whittington, and his liability insurer, with the approval of the District Court, effectuated a compromise settlement of the tort claim against Whittington, under the terms of which Whittington, Haye and the latter’s liability insurer were unqualifiedly released for the sum of $1175.00. The release expressly reserved the plaintiff’s right to proceed in the tort suit against Prejean, and expressly reserved the plaintiff’s workmen’s compensation rights against the present defendant. On September 28, 1949 the tort suit against Whittington was dismissed by Judgment of the District Court with prejudice in so far as said Willie Whittington was concerned, and with plaintiff’s express reservation of rights to claim from James Prejean all damages occasioned by the accident of September 17, 1949, and with the express reservation of plaintiff’s right under the Workmen’s Compensation Act of Louisiana.
On October 19, 1949, plaintiff filed this suit against the defendant, claiming of the defendant the sum of Five Hundred ($500.-00) Dollars, as medical expenses incurred and to be incurred by him, and, for the use and benefit of his son, compensation at the rate of $11.70 per week from the date of September 17, 1949, for a period not exceeding 400 weeks.
The defendant, in his answer, admits the employment of the minor, rate of compensation, the accident and injury, but denies that the minor son is totally and permanently disabled. ■ He avers that the said injuries are of a purely temporary nature, and did not, and will not, disable the said minor to any extent beyond a period of six months following the date of said accident. In further answer, he sets out that since the" plaintiff, on behalf of himself and his minor son, has received $1175.00 from Whittington, Whittington’s employer, and the latter’s liability insurer, supra, which *359 “amounts in legal effect to a payment workmen’s compensation to plaintiff’s son for a period of approximately one hundred (100) weeks or to the approximate date of August 18, 1951; that plaintiff’s minor son will be entirely and completely healed and free from any and all disability long prior to the said approximate date of August 18, 1951; and that, therefore, defendant is and will not be responsible to plaintiff, for and on behalf of his minor son, for any workmen’s compensation payments or benefits.” In the alternative, he avers that in the event of being cast for workmen’s compensation that he be given credit for the said $1175.00, and the compensation payments to start only after August 18, 1951. of
On trial of the suit, the district judge, with written reasons assigned, rendered judgment in favor of the plaintiff, for the use and benefit of his minor son, granting compensation as for total temporary disability, that is, at the rate of $11.70 per week beginning September 17, 1949, for a period not exceeding 300 weeks, and in favor of plaintiff individually for the sum of $345.65 as medical expenses, and disallowed defendants claimed credit. The defendant has appealed.
In this 'Court, the defendant-appellant is complaining only of that part of the judgment which denied the defendant-appellant credit for the amount received by the plaintiff in settlement of the damage suit, hence the question presented to this Court is whether or not the defendant-appellant-employer is entitled to credit against his admitted workmen’s compensation liability, the amount which was received by plaintiff-employee in the compromised settlement of his suit against a third person in tort, to the extent of the sum of $1175.00, so received by him. This question is one purely of law. The plaintiff contends that defendant-appellant is not so entitled, basing his contention on the case of Richmond v. Employers’ Liability Assur, Corporation, La.App., 31 So.2d 442, a case decided by this Court; while defendant contends that it is so entitled, basing its contention on the case of Smith v. McDonough, La.App., 29 So.2d 818, a case decided by the Orleans Circuit Court of Appeal. The district judge upheld plaintiff’s contention, basing his judgment on the Richmond case, supra.
The question presented is the interpretation of Section 7 of Act No. 20 of 1914, as amended, Act No. 247 of 1920, Our Workmen’s Compensation Statute, which said Section reads as follows:
“1. * * * When an injury for which compensation is payable under this Act shall have been sustained under circumstances creating in some other person (in this Section referred to as third person) than the employer a legal liability to pay damages in respect thereto, the injured employee or his dependent may claim compensation under this Act; and the payment or award of compensation hereunder shall not affect the claim, or right of action of such injured employee or his dependent against such third person, nor be regarded as establishing a measure of damages for such injury; and such injured employee or his dependent may obtain damages from or proceed at law against such third person to recover damages for such injury.
“2. Any employer having paid or having become obligated to pay compensation under the provisions of this Act may bring suit against such third person to recover any amount which he has paid or become obligated to pay as compensation to any injured employee or his dependent; provided, that if either such employee or his dependent, or such employer, shall bring suit against such third, person, he shall forthwith notify the other in writing of such fact and of the name of the Court in which such suit is filéd, and such other may intervene as party plaintiff in such suit.
“3. In the event that such employer or such employee or his dependent shall .become party plaintiff in such suit and any damages are recovered, such damages shall be so apportioned in the judgment that the claim of the employer for the compensation actually paid shall take precedence over that of the injured employee or his dependent; and if the damage shall not be sufficient or shall only be sufficient to reimburse the employer for the compensation which he has actually paid, with a reasonable at *360 torney’s fee, to be fixed by the Court rendering the judgment, and his costs, such damages shall be assessed solely in his favor ; but if the damages shall be more than sufficient to so reimburse the employer, the excess shall be; assessed in favor of the' injured employee or his dependent; and upon payment thereof to the employee or his dependent the liability of the employer for compensation shall cease for such part of the compensation due hereunder, computed at six per cent per annum, as shall be satisfied ’by such payment.
“4. No compromise with such third person by either the employer or the injured employee or his dependent shall be binding upon or affect the rights of the other unless assented to by him.”
This Court had occasion to interpret this section in the case of Richmond v. Employers’ Liability Assur. Corporation, La.App., 31 So.2d 442, 445, and the question herein presented.
In the Richmond case, ' after quoting extensively from several cases outside of this State, it was held “.that the phrase ‘a legal liability to pay damages’ as used in Section 7 means a liability which must be litigated, determined and enforceable.” In his oral argument and in his brief, the defendant contends that this Court “took a strict and rigid view of the language” used in the quoted section supra, “saying, in effect, that there could be ‘no third person legally liable to the employee until that third person had been duly cast, and adjudged liable, in suit in tort’ ”
There is a distinction between this case and the Richmond case. Suit was filed by the plaintiff herein against the joint tort-feasors, true without notifying the employer as provided by the act, yet after the suit was filed an offer of compromise was offered on behalf of one of the tort-feasors. The offer of compromise was submitted to the District Court for approval, by formal order approval was given of the claim in the amount of $1175.00, and by judgment of Court the suit was dismissed as to one of the defendants. It cannot be said that the suit had only, a nuisance value for the order of approval was for approximately 50% of the amount claimed. The liability had therefore been determined and enforceable.
As stated by the author of the opinion in the Richmond case, “the third person was the United States Government, which was, at the time of the accident, not subject to suit on tort claims, and consequently no suit was ever or could be filed, and the only relief the plaintiff and/or the defendant could obtain was the introduction and passage of a claim bill, * * * there was no ‘legal liability to pay damages’ which could be litigated, determined and enforced.”
It is now settled -by the act that both the employee and the employer have a right of action against the third party responsible for the employee’s injury and no compromise with such third person by either employee or employer can prejudice the rights of the other unless assented to by him. Different from the Richmond case we find that the liability was determined and made enforceable not only by the agreement of release but also by order and judgment of approval by the District Court.
In the Smith case, supra, the Court apparently had before it the precise question involved here and the Court upheld the defendant’s right to a credit measured by the amount recovered by a compromised settlement by the injured employee with a third person who allegedly had tortiously injured the employee. In so upholding the contention of the defendant, the Court stated: “In regard to the claim of the plaintiff in his answer to the appeal to the effect that the credit of $1,234.16 received in compromise should be disallowed, we observe that in paragraph 3 of Section 7, as amended, it is provided that where suit is brought by either employer or the employee for damages against the third person and the amount recovered is not sufficient to discharge the obligation of the employer for compensation, he alone is entitled to the amount so recovered. In other words, a preference is given the employer whether the suit is brought by the employer or by the employee and we believe a similar situation obtains where a compromise is made. Therefore, the credit was properly allowed.” [29 So.2d 822]
*361 On the merits there is no dispute before this Court, and the testimony supports the judgment of the lower Court, that is the sum of $345.65 with interest from judicial demand until paid for medical expense, with reservation to reopen in the event it becomes necessary to show additional medical expense, however not to exceed the sum of $500.00 and compensation for disability, for the use and benefit of the minor son, Charley Ford, not to exceed three hundred weeks at the rate of $11.70 per week with interest on each unpaid installment from due date at 5% per annum.
In regard to the claim of the defendant that the sum of $1175.00 received in the compromisé of the suit should be allowed as a credit in paragraph 3 of Section 7, as amended, it is provided that where suit is brought by either the employee or the employer against the third party and any damages are recovered, such damages shall be so apportioned in the judgment, that the claim of the employer for the compensation paid shall take precedence over that of the injured person, and where the amount recovered is not sufficient to discharge the obligation of the employer for compensation, he alone is entitled to the amount so recovered.
Therefore in this respect the judgment of the trial court is amended so as to allow credit for the sum of $1175.00, and as amended the judgment is affirmed.