DORE; Judge
(dissents).
We had occasion to interpret Section 7 of Act No. 20 of 1914, as amended, in the case of Richmond v. Employers’ Liability Assur. Corporation, La.App., 31 So.2d 442, and the question herein presented.
In the Richmond case, after quoting extensively from several cases outside of this State, we held “that the phrase ‘a legal liability to pay damages’ as used in Section 7 means a liability which must be litigated, determined and enforceable.’ ” In his oral argument and in his brief, the defendant contends that we “took a strict and rigid view of the language” used in the quoted section supra, “saying, in effect, that there could be ‘no third person legally liable to the employee until that third person had been duly cast, and adjudged liable, in a suit in tort.’ ” A re-examination of the authorities cited by me and a revaluation of the same lead me to a definite conclusion that our so holding is fully justified.
With the meaning of the phrase in mind, I shall: attempt to find but what was the intent or meaning of the Legislature, in formulating this section and will therefore consider the section paragraph by paragraph. ■ ■
The first paragraph grants unto the injured employee a right of action against his employer for compensation under the Act and a right of action against the third person, tort-feasor, to recover damages for such injury.
The second paragraph grants unto the employer of the injured employee the right of action to be indemnified for the amount which he has paid or became'obligated to pay as compensation to the injured employee; provided, if such employee or such employer files suit against such third person, the party filing the suit shall forthwith notify the other in writing of such fact, and of the name of the court in which such suit is filed, and such other party may intervene as party-plaintiff in suit. It may be proper- to mention at this time, in the case at bar, that the injured employee brought suit against the third persons in tort without notifying the employer as provided for in this paragraph; and without affpr.ding an opportunity for the employer to intervene in' the suit,, the injured employee dismissed the suit with prejudice against .one of the third persons, tort feasors.
The third paragraph, and that is the paragraph under - which defendant bases his argument that he' is entitled to credit of $1170.00, to me, clearly contemplates that a suit be filed by either party,- with the intervention 'of the other party, against the offending third person and that such suit be successfully terminated (note the beginning of the paragraph, thusly: “In the event that such employer or such employee or his dependent shall become party-.plaintiff in such suit and any damages are recovered”) before it should be given ef- *362 feet. This paragraph does not in any wise provide that in the event the employee recovers any amount from the tort feasor or third person otherwise than by suit in which the employer is a party thereto, such as a compromise settlement without notice or assént by the said employer, then and in that event, the employer shall be entitled to a credit or discharge of compensation payment due to the employee. To hold otherwise, it would appear to me to be amending the section, particularly this third paragraph, or legislating, and not interpreting the section of the Act.
I am fortified in my position by paragraph four of the section. That paragraph is very clear in that the compromise settlement in the case at bar does not in any way affect the right of defendant to proceed against the third parties, joint tort feasors, for indemnification for the expense to which he has been put by their negligence.
•' In oral argument and in brief, defendant seriously criticizes my decision in the Richmond case, supra. In his brief, he states: “The expressions of the Court in the Richmond case, in so far as are applicable here, were not in any way necessary to the decision in the Richmond case, ■and these expressions were, therefore, entirely gratuitous and not controlling, since they constituted obiter dicta.” He may have cause to complain that some of our expressions may constitute obiter dicta in that the basis of our conclusion was, in substance; fhat the payment in that case by the United States Government to the plaintiff-employee was “in the nature of an award above and beyond any relief granted to the plaintiff-employee by his employer or its insurer under our existing laws”, and not because there was any ‘legal liability’ on the part of the Government.” However, I do not. retract any expressions found in that case which .may be applicable to this case.
The defendant strenuously relies on the case of Smith v. McDonough, La.App., 29 So.2d 818, 822, decided by the Orleans Court of Appeal.
In the Smith case, the Court apparently had before it the precise question involved here and I grant that the Court upheld the defendant’s right to a credit measured by the amount recovered by a compromised settlement by the injured employee with a third person who allegedly had tortiously injured the employee. In so upholding the contention of the defendant, the Court stated: “In regard to the claim of the plaintiff in his answer to the appeal to the effect that the credit of $1,234.16 received in compromise should be disallowed, we observe that in paragraph 3 of Section 7, as amended, it is provided that where suit is brought by either the employer or the employee for damages against the third person and the amount recovered is not sufficient to discharge the obligation of the employer for compensation, he alone is entitled to the amount so recovered, In other words, a preference is given the employer whether the suit is brought by the employer or by the employee and we believe a similar situation obtains where a compromise is made. Therefore, the credit was properly allowed.” (Underscoring mine).
For my part, I do not choose to follow that decision. The underscored portion of the decision clearly shows that the third paragraph, in order that the employer may have a preference thereunder, contemplates that a suit be brought by either the employer or the employee, and that the said suit be finally terminated in favor of the plaintiff or plaintiffs.
I disagree with the expression contained in that case to the effect that “a similar situation obtains where a compromise is made.” A compromise is not an adjudication of a “legal liability” of the third person, or tort feasor, nor, is it even evidence thereof, and therefore cannot be said to be similar in any wise to a suit to finally determine whether “legal liability” exists against the third person or tort feasor.
For the reasons, stated by this Court in the Richmond case, and for the • further reason that we must interpret the Compensation ' Statute liberally and most favorably to a claimant and to follow this decision would be tantamount to legislation, I am of the opinion that the Smith case is unsound to .the extent of allowing the credit contended for by defendant.
I therefore respectfully dissent.