CHASEZ, Judge.
Plaintiff, Roberta Kistner, widow of Samuel Crabtree, filed suit against defendant, Bethlehem Steel Corporation, for recovery of death benefits under the Louisiana Workmen’s Compensation Act.
*201 Plaintiff’s deceased husband was mortally injured during the course and scope of his employment with the defendant on May 13, 1963. As a result of that accident defendant paid to the plaintiff workmen’s compensation benefits at the rate of $35.00 per week from that time until January 10, 1969, at which time compensation payments were stopped by defendant. A total of approximately $10,345.00 has been paid in compensation and since the maximum amount allowed by law to plaintiff under the compensation act is $14,600.00, a total of approximately $4,255.00 remains unpaid.
Prior to the filing of this suit plaintiff instituted a suit in tort for the wrongful death of her husband against American Insurance Company, Mason-Rust, Mason & Ranger-Silas Mason Co., Inc., The Rust Engineering Company, The Ross Corporation and other parties in the United States District Court for the Eastern District of Louisiana which case bore docket number 14545. On January 7, 1969 an agreement in compromise was reached between the plaintiff and American Insurance Company by which plaintiff received $15,000.00 cash in full settlement of all claims against the defendants in cause #14545, United States District Court, Eastern District of Louisiana, New Orleans, and an indemnity for any workmen’s compensation benefits actually paid to her by Bethlehem Steel Corporation. On January 10, 1969 all compensation payments plaintiff was then receiving were stopped by the defendant. Plaintiff then instituted this suit on October 15, 1969 to recover the payments allegedly due.
Defendant contends that because plaintiff compromised and settled her claim in tort for $15,000.00, a sum which exceeds the total amount due her under the Workmen’s Compensation Act, they are entitled to a credit of monies to be paid, and, therefore, are absolved from any further compensation payments. Defendant has waived its right to be repaid the sum of $10,-345.00, this amount being the total paid to plaintiff before compensation payments were stopped, and does not seek repayment of these funds. However, plaintiff does assert a credit for the amount of the benefits left unpaid.
Plaintiff asserts that because of the compromise agreement she entered into with American Insurance Company, et al the defendant must continue to pay the benefits to which she is entitled and that defendant, being a party to this compromise, is estopped from disallowing her claim. Plaintiff further contends that the compromise intended and contained provision for the continuance of Workmen’s Compensation death benefits. Specifically she urges that the compromise agreement provided for American Insurance Company to indemnify her against any claim for recovery or reimbursement by Bethlehem Steel Company for Workmen’s Compensation payments that were paid or to be paid.
The pertinent part of the compromise agreement is as follows:
“The American Insurance Company does by these presents agree to defend and indemnify Mrs. Roberta Kistner Crabtree against any and all liability or loss, up to but not beyond the sum paid to her herewith, that she may hereafter sustain on account of any claim, demand or suit of Bethlehem Steel Company against her for recovery by or reimbursement to Bethlehem Steel Company, solely as a result of the within settlement, of the amount of workmen’s compensation payments heretofore or hereafter paid to her by Bethlehem Steel Company because of the accidental death of the late Samuel J. Crabtree, it being understood and agreed that the foregoing obligation, herein undertaken by The American Insurance Company, is not and shall not he applicable to any claim, demand intervention or suit of Bethlehem Steel Company against the said Mrs. Roberta Kist-ner Crabtree for recovery by or reimbursement to Bethlehem Steel Company of the amount of the aforementioned workmen’s compensation payments on ac *202 count of or out of any compensation settlement entered into by or judgment rendered in favor of Mrs. Roberts Kistner Crabtree in connection with any claims, demands or suits asserted or prosecuted by her against any person, joint venture or corporation other than those hereby released.” (Emphasis supplied.)
After dismissal of defendant’s motion for summary judgment, this case was tried on the merits and judgment was rendered by the lower court in favor of the plaintiff against the defendant for workmen’s compensation at the rate of $35.00 per week, commencing January 10, 1969 and running for a period of 104 weeks and 3 days, together with legal interest on past due installments until paid.
Defendant suspensively appealed the judgment rendered against it on February 10, 1971, by the Civil District Court for the Parish of Orleans.
It is well settled that where a surviving spouse settles a tort suit against a tort-feasor or third party who caused the employee’s death and that settlement is in excess of workmen’s compensation sought, an employer or his insurer is entitled to recover compensation payments made out of the amount of the tort recovery. LSA-R.S. 23:1101-23; Smith v. McDonough, 29 So.2d 818 (La.App., 4th Cir., 1947); Ford v. Kurtz, 46 So.2d 357 (La.App., 1st Cir. 1950); Geter v. Travelers Insurance Company of Hartford, 79 So.2d 120 (La.App., 1st Cir. 1955); Meyers v. Southwest Region Conference Association, 91 So.2d 106 (La.App., Orleans, 1956); Booth v. Travelers Insurance Co., 217 So.2d 483 (La.App., 1st Cir., 1968).
Plaintiff contends, however, that because of the indemnity provision contained in the compromise settlement, American Insurance Company, et al was giving $15,000 over and above the $14,600 she was to receive under Workmen’s Compensation and that the agreement was in reality a settlement of her claim for an amount totalling $29,600.
We are convinced that when plaintiff settled her claim the defendant was entitled to stop further compensation payments and claim a credit for the amount left due. The Workmen’s Compensation law does not contemplate double recovery through tort and compensation for an injured employee. Plaintiff in this case is seeking double recovery by claiming full compensation benefits over and above the amounts received by her from the settlement of her wrongful death claim.
Further, LSA-R.S. 23:1103 specifically mentions the effect of compromises with third persons to either the employer or the injured employee.
“§ 1103 Damages; apportionment of between employer and employee in suits against third person; compromise of claims
"In the event that the employer or the employee or his dependent becomes party plaintiff in a suit against a third person, as provided in R.S. 23:1102, and damages are recovered, such damages shall be so apportioned in the judgment that the claim of the employer for the compensation actually paid shall take precedence over that of the injured employee or his dependent; and if the damages are not sufficient or are sufficient only to reimburse the employer for the compensation which he has' actually paid, such damages shall be assessed solely in his favor; but if the damages are more than sufficient to so reimburse the employer, the excess shall be assessed in favor of the injured employee or his dependent, and upon payment thereof to the employee or his dependent, the liability of the employer for compensation shall cease for such part of the compensation due, computed at six per cent per annum, and shall be satisfied by such payment.
“No compromise with such third person by either the employer or the injured employee or his dependent shall be binding upon or affect the rights of the others unless assented to by him. As amend *203 ed Acts 1958, No. 109, § 1.’ supplied.) (Emphasis
Through analysis of the foregoing we conclude that the compromise agreement entered into between plaintiff and American Insurance Company has no effect against defendant’s right to assert and receive a credit for the benefits not paid. Affirmance of plaintiff’s position in this matter would be tantamount to allowing private parties to negate a part of the compensation law of this state through contract. Such contracts or agreements which would by their effect negate the law are abhorrent to the orderly administration of the compensation law and therefore must be disallowed.
We likewise find no merit to plaintiff’s claim that defendant is estopped to assert a credit due. The evidence clearly reflects that defendant was not a signatory to the compromise agreement between plaintiff, and American Insurance Company, et al, was not party to the negotiations which preceded it and did not assent to it or its provisions. Defendant’s only contact with the agreement or negotiations was a letter of waiver in which defendant assured American Insurance Company that they would not seek reimbursement of compensation benefits already paid. In that letter Bethlehem specifically reserved their right to assert credit for future payments and to terminate payments of further benefits. We find no basis in equity or law to hold that by such action defendant is es-topped to assert a claim for credit of monies to be paid against the proceeds of plaintiff’s settlement of her tort action.
For the reasons assigned the judgment of the Civil District Court, Parish of Orleans, in favor of plaintiff against the defendant is reversed; and judgment is now rendered in favor of defendant, Bethlehem Steel Corporation, dismissing plaintiff, Roberta Kistner Crabtree’s suit. Costs to be paid by plaintiff-appellee.
Reversed and rendered.