281 So.2d 848 (1973)
Francis COMPTON
v.
NORTH RIVER INSURANCE COMPANY et al.
No. 9419.
Court of Appeal of Louisiana, First Circuit.
June 29, 1973.
Rehearing Denied August 23, 1973.
Writ Refused October 26, 1973.
Robert E. Barkley, Jr. and Curtis R. Boisfontaine, New Orleans, for North River Ins. Co. and Inter-Cities Ready-Mix.
Garic K. Barranger, Covington, for Francis Compton.
Iddo Pittman, Jr., Hammond, for Aetna Cas. & Sur. Co.
Before SARTAIN, BLANCHE and WATSON, JJ.
*849 BLANCHE, Judge.
Plaintiff, Francis Compton, sustained an accident resulting in total and permanent injuries while in the course and scope of his employment with Inter-Cities Ready Mix Concrete Company on August 17, 1964. Inter-Cities Ready Mix Concrete Company was afforded workmen's compensation insurance by North River Insurance Company, which insurer following the accident commenced paying to plaintiff compensation benefits at the rate of $35 per week and medical expense benefits, in accordance with the then-existing provisions of the Louisiana Workmen's Compensation Act.
Plaintiff filed a products liability suit in the United States District Court for the Northern District of Illinois, Eastern Division, on July 29, 1965, against, inter alia, the manufacturer of the piece of industrial machinery involved in plaintiff's accident, and against the manufacturer's liability insurer, The Aetna Casualty and Surety Company. Plaintiff, through his Louisiana attorney, gave the requisite notice to the workmen's compensation insurer of the filing of the tort suit against third parties alleged to be liable in damages to him, as required by LSA-R.S. 23:1102 (reproduced below). Thereafter, the record further demonstrates that plaintiff's Louisiana attorney on at least more than one occasion specifically suggested that the workmen's compensation insurer intervene in the pending tort suit in Illinois, and further sought cooperation from the workmen's compensation insurer in the pending litigation. The workmen's compensation insurer, however, chose not to intervene. In 1968 (the exact date is not shown in the record), or some three years after the filing of this tort suit, plaintiff effectuated a compromise thereof with the defendant manufacturer and its liability insurer, for a consideration of $11,000.
Thereafter, the New Orleans attorney for the workmen's compensation insurer wrote a letter to plaintiff's Louisiana attorney, dated October 28, 1969, inquiring as to the status of the products liability tort suit, in response to which plaintiff's Louisiana attorney advised North River's attorney by letter dated November 10, 1969, that the tort suit had been compromised.
Shortly thereafter North River terminated payment of weekly workmen's compensation benefits to plaintiff, whereupon following amicable demand for resumption thereof, and after plaintiff demanded that North River resume payment thereof to no avail, plaintiff filed this workmen's compensation suit on March 19, 1970, praying for judgment awarding plaintiff workmen's compensation benefits at the rate of $35 per week for a period not to exceed 400 weeks, commencing August 17, 1964, for future medical expenses, and for penalties and attorney's fees.
The defendant employer and its workmen's compensation insurer filed answer on May 7, 1970, in the form of a general denial, and on September 1, 1970, filed a supplemental and amending answer, averring that plaintiff had received as of the time of filing this pleading 340 weeks of compensation benefits totaling $11,900 and medical expenses in the sum of $1,798.79. In this pleading, which really represented a reconventional demand coupled with the supplemental and amending answer, defendant employer and its workmen's compensation insurer prayed for judgment against plaintiff in the full amount of the $11,000 which plaintiff received in compromise settlement of his previously filed tort suit in Illinois.
North River resumed compensation payments to plaintiff on May 27, 1970, and paid plaintiff for the entire period in which it had discontinued payments. North River continued making weekly compensation payments until July 30, 1971. Both plaintiff and defendants agree that North River paid plaintiff 362 weeks of compensation benefits, or the total sum of $12,670, for the period from the date of the accident through July 30, 1971.
*850 The parties further agree that a third party petition was filed against The Aetna Casualty and Surety Company by North River, seeking indemnification for compensation benefits and medical expenses paid by North River to plaintiff. (This third party petition is not contained in the record before us.) Plaintiff then filed a third party demand against Aetna to defend him and indemnify him pursuant to the indemnification provisions of the release agreement executed by the parties in connection with the compromise of the pending Chicago tort suit. (Again, the record does not contain a complete copy of this release agreement, although all parties apparently agreed that it did, in fact, contain such an indemnification agreement executed by Aetna in favor of plaintiff, representing additional consideration for plaintiff's compromising and settling his pending tort suit.)
Aetna filed a peremptory exception urging no cause of action and prescription in opposition to the third party petition filed against it by North River.
The trial court rendered judgment in favor of plaintiff for total and permanent disability workmen's compensation benefits at the rate of $35 per week for a period of 400 weeks, commencing from the 17th day of August, 1964, subject to a credit for compensation benefits theretofore paid in the sum of $8,590,[1] with legal interest at the rate of five percent per annum from the due date of each weekly compensation benefit until paid in full. The trial court further rendered judgment in favor of plaintiff and against defendants for attorney's fees in the sum of $1,000 and for a twelve percent penalty on the amounts due. The trial court further rendered judgment dismissing the third party demand of North River Insurance Company against the Aetna Casualty and Surety Company on the basis of the peremptory exception urging prescription. The trial court further rendered judgment dismissing the reconventional demand of North River against plaintiff. From this judgment, defendants perfected this suspensive appeal.
The pivotal issue presented in this appeal is whether North River, as the workmen's compensation insurer of plaintiff's employer, is entitled to receive dollar-for-dollar credit against compensation benefits paid to plaintiff or owed by North River to plaintiff in the $11,000 amount received by plaintiff in compromise settlement of his pending tort suit. We are of the opinion that North River is not entitled to such credit for the following reasons.
It is obvious at the outset that there exists no inherent right in favor of the workmen's compensation insurer to receive credit against compensation benefits owed by such insurer to an injured employee or his dependents for sums received by the employee or his dependents in compromise settlement of a third party tort suit except as provided by the applicable provisions of the Louisiana Workmen's Compensation Act, contained in LSA-R.S. 23:1101 through 1103. These statutes read in their entirety as follows:
R.S. 23:1101:
"When an injury for which compensation is payable under this Chapter has been sustained under circumstances creating in some person (in this Section referred to as third person) other than the employer a legal liability to pay damages in respect thereto, the injured employee or his dependent may claim compensation under this Chapter and the payment or award of compensation hereunder shall not affect the claim or right of action of the injured employee or his dependent against such third person, nor be regarded as establishing a measure of damages for the injury; and such injured employee or his dependent may obtain damages from or proceed at law *851 against such third person to recover damages for the injury.
"Any employer having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid or become obligated to pay as compensation to any injured employee or his dependent."
R.S. 23:1102:
"If either the employee or his dependent, or the employer, brings suit against a third person as provided in R.S. 23:1101, he shall forthwith notify the other in writing of such fact and of the name of the court in which the suit is filed, and such other may intervene as party plaintiff in the suit."
R.S. 23:1103:
"In the event that the employer or the employee or his dependent becomes party plaintiff in a suit against a third person, as provided in R.S. 23:1102, and damages are recovered, such damages shall be so apportioned in the judgment that the claim of the employer for the compensation actually paid shall take precedence over that of the injured employee or his dependent; and if the damages are not sufficient or are sufficient only to reimburse the employer for the compensation which he has actually paid, such damages shall be assessed solely in his favor; but if the damages are more than sufficient to so reimburse the employer, the excess shall be assessed in favor of the injured employee or his dependent, and upon payment thereof to the employee or his dependent, the liability of the employer for compensation shall cease for such part of the compensation due, computed at six per cent per annum, and shall be satisfied by such payment.
"No compromise with such third person by either the employer or the injured employee or his dependent shall be binding upon or affect the rights of the others unless assented to by him. As amended Acts 1958, No. 109, Sec. 1."
It will be readily noted that R.S. 23:1101 permits either the employee or his dependent to file a tort suit against a third person, and in the second paragraph thereof permits the employer (or his workmen's compensation insurer) to bring a suit against such third person to recover any amount which has been paid or for which the employer or insurer has become obligated to pay as compensation to any injured employee or his dependent.
R.S. 23:1102 requires that if the employee or his dependent, or the employer brings such a tort suit, the plaintiff in such tort suit must give written notice of the filing thereof to the other party, and such other party may intervene as party plaintiff in that suit. R.S. 23:1103 provides that in the event such a suit has been instituted and damages are recovered, the damages shall be so apportioned in the judgment that the claim of the employer (or the workmen's compensation insurer) shall take precedence over that of the injured employee or his dependent, and only the excess amount of such damages as are recovered as a result of judgment shall be payable to the employee or his dependent. The second paragraph of this statute provides that no compromise with such third party tort-feasor by either the employer or the injured employee or his dependent shall be binding upon or affect the rights of the others unless assented to by him.
In the instant case, we view it crucial that the $11,000 received by plaintiff was not damages recovered by judgment, but instead money received in compromise settlement of the pending tort suit, in which suit plaintiff complied fully with the requirement of R.S. 23:1102 by giving the requisite written notice to the workmen's compensation insurer, but which insurer chose not to intervene in the pending tort suit.
*852 The foregoing interpretation of the applicable statutory provisions was recognized by Justice Tate in his dissenting opinion in the case of Roberta Kistner, Widow of Samuel J. Crabtree v. Bethlehem Steel Corporation, 284 So.2d 545, in which case the Louisiana Supreme Court has granted plaintiff's application for a rehearing. Said Justice Tate:
"This court, in holding otherwise, overlooks the primary purpose of our compensation act. This purpose is not to limit an employee's total recovery against tortfeasors; rather, the purpose of the act is to restrict the injured employee to the (often-inadequate) compensation award against the employer, in return for the employer's loss of defenses to liability against the injured employee.
"The primary purpose of the act is to benefit injured employees, not to reimburse employers for workmen's compensation benefits paid out of amounts received by employees, except in the limited instances provided by La.R.S. 23:1101 (a direct suit by the employer against the tortfeasor) and 23:1103 (to share in the apportionment of `damages recovered' by suit).
"The present does not fall within the statutory exceptions. The present defendant therefore still owes remaining compensation benefits due."
Counsel for North River places great emphasis on the majority opinion of the Louisiana Supreme Court in the Crabtree case on original hearing. In view of the fact that that Court has granted a rehearing in that case, however, we are reticent to concede that the original opinion necessarily is dispositive of the issue presented in the instant case.
It is well settled and well recognized that the Louisiana Workmen's Compensation Act is to be construed liberally in favor of the employee. In the instant case, the injured employee and plaintiff in the tort suit fully complied with the requirement of giving written notice to the employer or its insurer that he had filed a tort suit as required by R.S. 23:1102. At that point the employer or its workmen's compensation insurer could fully protect itself by intervening in the pending tort suit filed by the plaintiff (employee). After such intervention, the alleged third party tort-feasors and the liability insurer could not effect a compromise settlement with the plaintiff (employee) to the prejudice of the interventionary rights, by virtue of the second paragraph of R.S. 23:1103. Having chosen not to intervene, however, plaintiff was perfectly free to effectuate a compromise settlement some several years after the filing of the tort suit and several years after having given notice to the workmen's compensation insurer (thus eliminating from consideration an attempted compromise settlement by the plaintiff with the third party tort-feasors or their insurer before an effective attempt at intervening in the tort suit could be undertaken). Inasmuch as the $11,000 payment was a compromise settlement and did not represent damages recovered by judgment, the employer and its workmen's compensation insurer, which had not intervened, are not entitled to any credit, the first paragraph of R.S. 23:1103 being by its very terms inapplicable. To hold otherwise, in our opinion, amounts to judicial amendment of the statute and a jurisprudential recognition of an inherent right to a credit in favor of the employer or its workmen's compensation insurer or both. Had the Legislature desired to establish such a more extensive right to a credit beyond the terms of R.S. 23:1103, the Legislature would undoubtedly have used more pervasive language in the statute.
We further believe that to hold otherwise in the instant case would result in unjust enrichment of the employer and its workmen's compensation insurer, which were unwilling to expend any funds and even to file an intervention in plaintiff's pending tort suit, but now seek to avail themselves of the fruits of the labors of *853 plaintiff's attorneys and obtain dollar-fordollar credit for the full amount obtained by plaintiff in a compromise settlement.
In reaching these conclusions, we are not unmindful of the several cases cited by counsel for defendant employer and the workmen's compensation insurer, including Crabtree v. Bethlehem Steel Corporation, 258 So.2d 199 (La.App. 4th Cir. 1972), writ granted 261 La. 771, 260 So.2d 700, affirmed on original hearing, rehearing granted; Booth v. Travelers Insurance Company, 217 So.2d 483 (La.App. 1st Cir. 1968), writ denied, 253 La. 869, 220 So.2d 456; Meyers v. Southwest Region Conference Association, 91 So.2d 106 (La.App. Orl.Cir.1956); Geter v. Travelers Insurance Company of Hartford, 79 So.2d 120 (La.App. 1st Cir. 1955); Ford v. Kurtz, 46 So.2d 357 (La.App. 1st Cir. 1950); Smith v. McDonough, 29 So.2d 818 (La.App.Orl. Cir. 1947), certiorari denied. We are, nevertheless, of the considered opinion that the cases relied on by defendants are either factually distinguishable from the instant case, or in any event represent judicial interpretations in conflict with the express applicable statutory provisions of the Louisiana Workmen's Compensation Act. We limit this decision to the particular factual situation involved herein, under which factual situation we believe defendants are not entitled to any credit in view of their failing to intervene in plaintiff's instituted tort action, despite having been properly furnished written notice thereof by plaintiff.
Turning now to a consideration of the third party demand of North River and Inter-Cities Ready Mix Concrete Company against The Aetna Casualty and Surety Company, we believe that the judgment dismissing this third party demand was correct, for the reason that the Louisiana jurisprudence has clearly recognized that there exists but one cause of action against the alleged tort-feasor, and if the plaintiff (former employee) first institutes suit and gives notice thereof to his employer or its workmen's compensation insurer of the institution of such tort suit, the employer or workmen's compensation insurer or both must intervene in that suit or forfeit any right to recover against the third party tort-feasor. Such was the express holding of the Court of Appeal in Todd-Johnson Dry Docks v. City of New Orleans, 55 So. 2d 650 (La.App.Orl.Cir.1951), which held that an employer could not bring an action against the tort-feasor for reimbursement of what he had paid or become liable to pay to the employee, where the employee had already brought a suit against the tort-feasor and had notified the employer of such suit, and employer had not seen fit to intervene therein:
"It follows that, where the claim has been asserted by the employee in a tort action and the employer has been notified, there is nothing left of the tort claim which may be asserted by the employer in a separate action. His claim is a part of or is possibly all of the claim which has already been asserted and therefore he has no cause of action left to him. His claim is already pending in the suit which the employee has filed." (Todd-Johnson Dry Docks v. City of New Orleans, 55 So.2d at 656)
The Louisiana Supreme Court expressly approved of the Todd-Johnson Dry Docks case in Marquette Casualty Company v. Brown, 235 La. 245, 103 So.2d 269 (1958), commenting as follows:
"In addition, whenever a suit is brought against the tortfeasor by either the employer or the injured employee, the statute requires that the plaintiff give notice to the other interested party. Accordingly, should the injured employee institute suit, the compensation paying employer, upon notification thereof, no longer has the right to bring an independent action; he must intervene in the employee's suit or his right to reimbursement *854 for compensation will be lost."[2] (Marquette Casualty Company v. Brown, 103 So.2d at 271, 272)
Marquette Casualty Company v. Brown was quoted approvingly by the Louisiana Supreme Court in National Surety Corporation v. Standard Accident Insurance Company, 247 La. 905, 175 So.2d 263, 267 (1965). The Todd-Johnson Dry Docks and Marquette Casualty Company v. Brown cases were relied on approvingly by this Court in Mayon v. Delta Well Logging Service, Inc., 127 So.2d 16 (La.App. 1st Cir. 1961).
It follows, therefore, that defendants cannot properly bring a third party demand against The Aetna Casualty and Surety Company in the workmen's compensation suit instituted by plaintiff, inasmuch as plaintiff had previously filed a tort suit against these parties and gave the requisite written notice of the filing thereof to defendants, but defendants chose not to intervene therein so as to protect their rights against the alleged third party tort-feasors. There exists but one cause of action, which was initially instituted by plaintiff, and inasmuch as defendants failed to intervene therein, they cannot now seek to hold the alleged third party tort-feasors liable by an independent action instituted against them, such as has been attempted in the instant case by virtue of the institution of the third party demand.
The remaining issue presented by defendants in their appeal concerns the assessment of statutory penalties and attorney's fees. We believe that defendants were justified in relying upon the jurisprudence as it existed at the time of termination of the workmen's compensation benefits to plaintiff, which jurisprudence indicated the apparent availability of the right on the part of the workmen's compensation insurer to claim credit against future compensation benefits which it would own to the plaintiff equal to the amount obtained by plaintiff in a compromise settlement of the tort suit.
The judgment appealed from, accordingly, is amended so as to give defendants credit against compensation benefits owed in the sum of $12,670 instead of $8,590.[3] The judgment appealed from is reversed in part so as to delete the award for statutory penalties and attorney's fees in favor of plaintiff and against defendants. In all other respects the judgment appealed from is affirmed. The costs of this appeal are assessed one-half to plaintiff and one-half to defendants.
Reversed in part and affirmed as amended in part.
NOTES
[1] Both plaintiff and the defendants concede that the trial judge should have given a credit in the sum of $12,670 instead of $8,590.
[2] The Marquette Casualty Company v. Brown case is also significant in recognizing that the workmen's compensation insurer enjoys no inherent right to reimbursement of compensation paid to an injured employee under the general law, but instead its right exists only by virtue of the applicable statutory provisions of the Workmen's Compensation Act, namely, R.S. 23:1101 through 1103:

"As heretofore pointed out, this case is not an action for restitution under an implied contract; it is simply an action ex delicto against an alleged wrongdoer, plaintiff's right of action being conferred solely by virtue of special statutory provision and not under the general law." (Marquette Casualty Company v. Brown, 235 La. 245, 103 So.2d at 273)
[3] See footnote 1, supra.