STOULIG, Judge.
The City of New Orleans has appealed a summary judgment dismissing its intervention in Civil District Court Proceeding No. 597-814 entitled “Roy J. LaFleur v. Arthur Scheinuk and General Accident Insurance Company.” The incidental demand was filed seven days before plaintiff and defendants filed a joint motion to dismiss with prejudice the principal demand for damages which they had compromised.[1] The City sought recognition of its privilege on damages recovered by LaFleur to the extent it had paid him workmen’s compensation benefits for injuries arising out of the incident upon which this suit is based.
We reverse. The petition for intervention was timely filed with leave of court as required by C.C.P. art. 1033 and service was effected on defendants on December 16 and 18, 1975 respectively. Obviously the litigants were aware of the City’s incidental demand for reimbursement before the joint *1234 motion to dismiss the main demand with prejudice was presented for the trial judge’s signature. When the order permitting intervention was signed there was no basis for concluding this action was improper or that its filing would retard the progress of the principal litigation.
The cases cited by appellees in support of the summary judgment are not applicable. In Compton v. North River Insurance Company, 281 So.2d 848 (La.App. 1st Cir. 1973), the claimant did not intervene in the employee’s action against the tort-feasor, but filed a separate suit to recover compensation benefits paid which conflicted with the expressed provisions of R.S. 23:1103 of the Louisiana Workmen’s Compensation Act.
The Supreme Court in National Surety Corp. v. Standard Accident Ins. Co., 247 La. 905, 175 So.2d 263 (1965), held that an employee’s petition of intervention to recover damages for personal injuries could be filed at any time during the pendency of a timely filed suit of the employer to recover compensation benefits paid provided it does not retard the progress of the principal action.
For the reasons assigned, the judgment appealed from is reversed and this matter is remanded for further proceedings.
REVERSED AND REMANDED.

. Petition filed August 26, 1975. Intervention filed December 12, 1975. Joint motion to dismiss filed December 19, 1975.