103 So.2d 269

**MARQUETTE CASUALTY COMPANY**

v.

**Chester BROWN.**

No. 43811.

May 26, 1958.

·Herman & Herman, Harry Herman, New Orleans, for defendant-applicant.

Morrison & Newell, James J. Morrison, New Orleans, for defendant-respondent.

McCALEB, Justice.

Cleotha Thomas, an employee of Paretti Pontiac Co. Inc., was injured on July 15, 1954, when the motorcycle driven by him in the course of his employment collided with an automobile operated by the defendant, Brown, on the streets of the City of New Orleans. Having paid Thomas workmen's compensation and incurred medical expense for his treatment, plaintiff, the compensation insurer of his employer, brought this suit for reimbursement of the amounts expended, claiming that the accident was attributable solely to the fault of Brown.

The suit was filed on November 15, 1955, or more than one year after the accident, and defendant pleaded the prescription provided by Articles 3536 and 3537 of the Civil Code.[1] The district judge sustained the plea but the Court of Appeal for

1. Article 3536 provides, among other things, that actions resulting from offenses or quasi offenses prescribe by one year and Article 3537 sets forth that this prescription commences to run from the day on which the damage was sustained.

the Parish of Orleans reversed this ruling and remanded the case for a trial on its merits. See 97 So.2d 92. We granted certiorari.

The Court of Appeal resolved that, under the jurisprudence established by this Court in Appalachian Corporation v. Brooklyn Cooperage Co., 151 La. 41, 91 So. 539 and Foster & Glassell Co. v. Knight Bros., 152 La. 596, 93 So. 913, plaintiff had at least one year from the time its liability for compensation became fixed to bring its action against the alleged tortfeasor for indemnification and that, since plaintiff had alleged that it did not know the full extent of its liability until November 21, 1954, the action was timely as it was instituted on November 15, 1955, or within one year from that date.

To determine the applicable prescription in a case of this sort and when the prescription commences to run, it is essential first to ascertain the nature of the claim plaintiff seeks to enforce which is derived from the Employers' Liability Act (R.S. 23:1031–1351). Plaintiff, being the insurance carrier of the employer of the injured workman and having paid compensation and medical expenses under its contract, has become legally subrogated under R.S. 23:1162 to all rights and actions to which the employer is entitled.

The right of the employer to seek redress from a third person causing injury to an employee, for which the employee is entitled to compensation, is established by R.S. 23:1101, 1102 and 1103. The first paragraph of R.S. 23:1101 provides, in substance, that, when a compensable injury has been sustained as the result of the negligence of a third person, the acceptance of compensation by the injured employee or his dependent shall not "affect" his right to claim damages from the tortfeasor and the second paragraph declares:

> "Any employer having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid or become obligated to pay as compensation to any injured employee or his dependent."

R.S. 23:1102 provides that, if either the employee or the employer exercises the right accorded by R.S. 23:1101, he shall forthwith notify the other in writing of such fact " * * * and such other may intervene as party plaintiff in the suit".

R.S. 23:1103 sets forth that, in the event the party who has been thus notified becomes party plaintiff in the suit against a third person and damages are recovered, such damages shall be so apportioned in the judgment that the claim of the employer for compensation actually paid shall take precedence over that of the employee or his dependent " * * * and if the damages are not sufficient or are sufficient only to reimburse the employer * * *" for

the compensation he has paid, plus attorney's fees and costs " * * * such damages shall be assessed solely in his favor; but if the damages are more than sufficient to so reimburse the employer, the excess shall be assessed in favor of the injured employee or his dependent, * * * ".

The question, then, is whether these provisions confer upon the employer a separate and independent cause of action, as distinguished from a right of action, against the third person tortfeasor or whether there is but one cause of action, ex delicto, which the compensation paying employer or the injured employee is accorded the right to assert separately or jointly.

Considering the provisions of R.S. 23:1101, 1102 and 1103 together, it seems plain that there is but one cause of action recognized for the recovery of damages resulting from a single tort. However, the right of redress against the tortfeasor has been extended by the provisions to the injured workman's employer, who is accorded a preferential right to recover, out of the judgment for damages which may be assessed against the tortfeasor, the amount of compensation he has paid or become obligated to pay to the injured employee. [2] This right is, of course, conditioned upon the basic right of the employee to recover damages and, according to R.S. 23:1103, if the damages awarded are for an amount less than the total compensation paid, the employer's recovery is accordingly limited to that amount. Thus, though the compensation paying employer is given the preferential right to reimbursement out of the judgment, recovery is necessarily restricted to the amount for which the tortfeasor is liable to the injured employee for the consequences of his wrongful act.

In addition, whenever a suit is brought against the tortfeasor by either the em-

2. In this connection, we take note again of the decision in London, Guarantee & Accident Ins. Co. v. Vicksburg, S. & P. R. Co., 153 La. 287, 95 So. 771, wherein it was deduced that the provisions of Section 7 of the Employers' Liability Act (Act 20 of 1914), before it was changed by Act 247 of 1920 (which was later incorporated in the Revised Statutes as R.S. 23:1101, 1102 and 1103), conferred no new right in favor of the compensation paying employer as he was already invested with a right of action under Article 2315 of the Code.

In the recent case of Forcum-James Co. v. Duke Transportation Co., 231 La. 953, 93 So.2d 228, we found the views expressed in the London, Guarantee & Accident Ins. Co. case to be in discord with the basic principle of law that a tortfeasor is responsible only for the direct and proximate results of his acts. We reiterate this resolution and hold that R.S. 23:1101 gives the employer a right to reimbursement from the tortfeasor which he would not have had under the general law (Article 2315 of the Civil Code). This is the rationale of our recent holding in Board of Com'rs of Port of New Orleans v. City of New Orleans, 223 La. 199, 65 So.2d 313, 317, where we found that the compensation statute granted to the employer paying compensation "an independent right to assert the cause of action * * * ".

ployer or the injured employee, the statute requires that the plaintiff give notice to the other interested party. Accordingly, should the injured employee institute suit, the compensation paying employer, upon notification thereof, no longer has the right to bring an independent action; he must intervene in the employee's suit or his right to reimbursement for compensation will be lost.

The Court of Appeal for the Parish of Orleans properly interpreted the applicable provisions of the compensation law thusly in Todd-Johnson Dry Docks v. City of New Orleans, La.App., 55 So.2d 650. In that matter, the injured employee filed suit against the alleged tortfeasor after he had compromised his claim for compensation with his employer and, conformably with R.S. 23:1102, notified the employer of the fact that the suit had been filed. The employer did not intervene in that suit but thereafter, within the prescriptive period of one year from the date of the accident, filed a separate suit against the alleged tortfeasor seeking to be indemnified for the compensation it had paid the injured employee. In a well considered opinion,[3] the Court, however, ruled that the right of action granted to the employer had abated when it failed to intervene in the employee's action for damages. It was reasoned that since, undoubtedly, " * * * the third party tortfeasor is liable only for damages and that this liability is not increased by the fact that the employer is liable to the employee for compensation", it was incumbent on the employer to intervene in the suit, when notified, as it was never the legislative aim to require the third person to respond to more than one action, ex delicto, at which time his liability should be fully determined. In support of its ruling, the Court relied in the main on Chauvin v. Louisiana Power & Light Co., 177 La. 193, 148 So. 23, 28, wherein we said:

"Coming now to the contention made by counsel for defendant that the amending act changes or affects the rights and obligations of third persons, our conclusion is that it does not. The duties and obligations of persons who through their fault injure others to respond to the injured person in

3. In our recent decision of Board of Com'rs of Port of New Orleans v. City of New Orleans, 223 La. 199, 65 So.2d 313, to which we have already adverted in footnote No. 2, we cited Todd-Johnson Dry Docks v. City of New Orleans with approval and declared that certain expressions contained in Foster & Glassell Co. v. Knight Bros., 152 La. 596, 93 So. 913; London, Guarantee & Accident Ins. Co. v. Vicksburg, S. & P. R. Co., 153 La. 287, 95 So. 771 and Smith v. McDonough, La.App., 29 So.2d 818, to the effect that the employer and employee had separate causes of action against the tortfeasor, were incorrect, concluding that there was but one cause of action and that all damages flowing therefrom "are recoverable in one and the same suit [223 La. 199, 65 So. 317]".

damages is fixed by article 2315 of the Civil Code. The fact that the injured person is an employee of another does not affect these obligations. Whether the response is to be made through an action brought by the employee or by his employer as subrogee affects neither his rights nor his obligations".

To the same effect as the Chauvin case is Metropolitan Casualty Ins. Co. of New York v. Bowdon, 181 La. 295, 159 So. 394, where it was held that an insurance carrier, seeking reimbursement from a third person for compensation paid to the widow and child of its insured's employee, who was killed allegedly through defendant's negligence, had the same right to claim damages up to the amount of its liability as the widow and child and that the action was strictly ex delicto, the appeal being cognizable in the Court of Appeal, rather than this Court, which is without jurisdiction of suits for damages for personal injuries or death.

Since we conclude that there is but one cause of action against the tortfeasor for the injuries sustained by the employee, which may be instituted either by the employee himself or the employer for reimbursement of compensation paid, it follows

that the action is governed by the prescription of one year set forth in Article 3536 of the Civil Code. This prescription, according to Article 3537, commences to run from the date on which the damage was inflicted by the defendant—in this case, the date of the accident. Hence, the failure of plaintiff to assert its claim within the one year period is fatal to its action.

In determining otherwise, the Court of Appeal believed that the case was controlled by Appalachian Corporation v. Brooklyn Cooperage Co. and Foster & Glassell Co. v. Knight Bros., supra. We find the Brooklyn Cooperage case to be clearly distinguishable from this one and the Foster & Glassell case, although unquestionably in point, to be incorrect, the theory upon which the ruling on prescription is there predicated having been rejected by the later authorities.[4]

The Brooklyn Cooperage case was not a suit under the compensation law; that was a proceeding by Appalachian Corporation, which had been cast in an action ex delicto brought by one Lincoln, a night watchman, who had been seriously injured by one of the inside doors of a building recently sold to Appalachian by Brooklyn Cooperage Company. After payment of the judgment, Appalachian brought suit against

4. Notably Chauvin v. Louisiana Power & Light Co., 177 La. 193, 148 So. 23, 28, where, strangely enough, Foster & Glassell Co. v. Knight Bros. is cited as authority for the conclusion, which it does not support, that "Such action as may be brought by the employer against the third person is one in tort and is prescribed in one year under the general law."

Brooklyn to be indemnified for the amount it was required to pay, contending that it was only technically or constructively liable under the law by virtue of its ownership of the building and that the true cause of the watchman's injuries was defendant's negligence as it was in charge and possession of the building at the time of the accident. The defendant pleaded, among other things, the prescription of one year but the Court found that, whereas the obligation of Brooklyn to the injured party was that of a tortfeasor, its obligation to the plaintiff was for the reimbursement of money which should have been paid by Brooklyn. Thus, it concluded that the applicable limitation was that fixed in an action for contribution [5] based on an implied contract.

As heretofore pointed out, this case is not an action for restitution under an implied contract; it is simply an action ex delicto against an alleged wrongdoer, plaintiff's right of action being conferred solely by virtue of special statutory provision and not under the general law.

In Foster & Glassell, the Court employed the Brooklyn Cooperage case as the predicate for its decision. There, Foster & Glassell Company, after an unsuccessful resistance of a claim for workmen's compensation by its employee, one Pink Morris, sued Knight Bros. for reimbursement of the compensation paid under the judgment on the theory that the injuries to Morris were caused by the defendant's negligence. The defendant filed a plea of prescription of one year but the Court, reasoning that the right given to the employer under the compensation law was for indemnification, overruled the plea. The error in this ruling consisted of characterizing the right of action conferred by the compensation law as an action for indemnification. Indeed, the compensation law as then written (see Section 7 of Act 20 of 1914),[6] simply provided for a legal subrogation in favor of the employer of the rights of the injured party against the third person with the proviso that any amount recovered in excess of the amount of compensation should be paid to the employee.

The judgment of the Court of Appeal is reversed and that of the district court, dismissing plaintiff's suit on the plea of the one-year prescription, is reinstated and affirmed at plaintiff's cost.

5. This finding, that the action was for contribution, is not accurate. Contribution exists between joint tortfeasors when cast in solido. Quatray v. Wicker, 178 La. 289, 151 So. 208. Inasmuch as the Court did not treat Appalachian as a tortfeasor, its action was necessarily one for indemnification. See 42 C.J.S. Indemnity §§ 21 and 28.

6. The pertinent part of the Section declared: " * * * and if compensation is claimed and awarded under this act any employer having paid the compensation or having become liable therefor shall be *subrogated* to the rights of the injured employé to recover against that person, * * * *". [152 La. 596, 93 So. 915] (Italics ours).