On Rehearing
GLADNEY, Judge.
A rehearing was granted in this cause for the purpose of re-examining our former decree in the light of LSA-R.S. 23:1101, 1102 and 1103, and to apportion the damages. The following comment as to the rights of an injured employee and his legally subrogated employer or insurer proceeding against a third-party tortfeasor is explanatory of our position:
“Considering the provisions of R.S. 23:1101, 1102 and 1103 together, it seems plain that there is but one cause of action recognized for the recovery of damages resulting from a single tort. However, the right of redress against the tortfeasor has been extended by the provisions to the injured workman’s employer, who is accorded a preferential right to recover, out of the judgment for damages which may be assessed against the tortfeasor, the amount of compensation he has paid or become obligated to pay to the injured employee. This right is, of course, conditioned upon the basic right of the employee to recover damages and, according to R.S. 23:1103, if the damages awarded are for an amount less than the total compensation paid, the employer’s recovery is accordingly limited to that amount. Thus, though the compensation paying employer is given the preferential right to reimbursement out of the judgment, recovery is necessarily restricted to the amount for which the tortfeasor is liable to the injured employee for the consequences of his wrongful act.” Marquette Casualty Company v. Brown, 1958, 235 La. 245, 103 So.2d 269, 271.
See also Todd-Johnson Dry Docks, Inc. v. City of New Orleans, La.App.1951, 55 So.2d 650.
The obligation of a person who injures another to respond in damages is determined by Article 2315 of the LSA-Civil Code and whether or not the injured person is entitled to workmen’s compensation does not alter the burden so imposed. Consequently, it is not and never has been the intent of this court to burden defendants with an award in damages in excess of their liability under LSA-C.C. Article 2315.
In order to remove any doubt concerning this phase of the case our original decree is recast in order to reflect the true apportionment of damages between the respective petitioners. It was and is our judgment that Avert Edwards should recover of the defendants the sum of $7,411.45.
It is, therefore, ordered, adjudged and decreed that there be judgment in favor of the plaintiff, Avert Edwards, and against the defendants, Employers Casualty Company and E. F. Neely, Jr., jointly, severally and in solido, in the sum of $7,411.45, with interest thereon at the legal rate of five per cent per annum from date of judicial demand until paid. It is further ordered, adjudged and decreed that there be judgment in favor of plaintiff, Massachusetts Bonding & Insurance Company, and against the defendants, Employers Casualty Company and E. F. Neely, Jr., jointly, severally and in solido, in the sum of $2,411.45, with interest thereon at the legal rate of five per cent per annum from date of judicial demand until paid, which sum shall be paid by preference by the said defendants out of the award in favor of Avert Edwards, all as provided for in LSA-R.S. 23:1103.
As hereinabove modified our former decree is reinstated and made the judgment of this court. Defendants are assessed with all costs.