ELLIS, Judge.
On November 12, 1957, Clonie Mayon, Plaintiff, instituted suit for personal injuries sustained on November 17, 1956, against defendant-appellee, Delta Well Logging Service, Inc. and its liability insurer, the Travelers Insurance Company. Also on November 12, 1957, Clonie Mayon filed a suit to recover workmen’s compensation against his employer’s compensation carrier, Maryland Casualty Company, the intervenor-appellant.
On November 13, 1959, Maryland Casualty Company, intervenor-appellant, filed its intervention in which it alleged that it had been compelled to pay workmen’s compensation to plaintiff, Clonie Mayon, and was, therefore, entitled under LSA-R.S. 23:1101, 1102 and 1103 to reimbursement from any judgment which may be obtained by plaintiff against defendant-appellees equal to the amount of compensation paid.
The defendant-appellees filed a plea of prescription of one year to the petition of intervention filed by intervenor, on the grounds that the cause of action therein stated accrued more than one year prior *17 to the commencement of its action and the filing of its petition.
The District Court sustained the plea of prescription of one year and dismissed the petition of intervention and concisely stated its reasons for doing so as follows:
“The Court, being of the opinion that under the authority of 9 Loyola Law Review, 246, 19 Louisiana Law Review, 346, 347, Brown v. Crown Zellerbach Corporation, 1958, app. 1st Circ. 112 So.2d 150, 158 and Marquette Casualty Company vs. Brown, 235 La. 245, 103 So.2d 269, 1958 the plea of prescription of one year is good and should be maintained, * * *
It was in the lower court, and is, on this appeal, the contention of the appellees that under our Compensation Act and especially LSA-R.S. 23:1101, 1102 and 1103, and the jurisprudence as settled by our Supreme Court in the case of Marquette Casualty Company v. Brown, 235 La. 245, 103 So.2d 269, that a direct action by the employer, or its insurer, or an intervention in the employee’s suit, previously filed, under the subrogation accorded by the cited provisions of the Compensation Act and recognized in the cited case, both supra, as the basis of the employer’s, or its insurer’s, action, is governed by the prescription of one year set forth in Article 3536 and 3537 of our LSA-Civil Code. That either action by the employer against the tort feasor for reimbursement of compensation paid must have been filed on or before one year from the date on which the damage was inflicted by the tort feasor, which would be the date of the accident.
On the other hand, it is the contention of the intervenor that the Brown case, supra, is factually distinguishable. In that suit, a direct action was instituted by the plaintiff-compensation insurer, for the reimbursement of compensation paid an employee of its insured for injuries incurred as a result of the negligence of the defendant-tort feasor one year and four months after the occurrence of the accident, whereas in the case at bar the employee, Clonie Mayon, was injured on November 17, 1956, and filed suit against the defendants-appel-lees as the tort feasor and its insurer, on November 12, 1957, which effectively interrupted the running of prescription against the intervenor herein.
The intervenor relies upon the case of Walton v. Louisiana Power & Light Company, La.App., 152 So. 760. Let us consider the contentions in the order above set forth.
In the Marquette Casualty Company v. Brown case, supra, an employee of Paretti Pontiac Company Inc. was injured on July 15, 1954 in a collision between a motorcycle driven by him and an automobile operated by the defendant, Brown. The plaintiff insurance company paid the employee workmen’s compensation and incurred medical expenses for his treatment, and on November 15, 1955, one year and four months after the accident, suit was filed against the alleged tort feasor, Brown, by the plaintiff insurance company for reimbursement of the amounts paid under the Compensation Act to the employee. The defendant plead prescription provided by Articles 3536 and 3537 of the LSA-Civil Code. The case came before the Supreme Court on certio-rari and in this case it fully discussed the prior jurisprudence and the law applicable to the plea of prescription and we quote in part [235 La. 245, 103 So.2d 270] :
“To determine the applicable prescription in a case of this sort and when the prescription commences to run, it is essential first to ascertain the nature of the claim plaintiff seeks to enforce which is derived from the Employers’ Liability Act (R.S. 23:1031-1351). Plaintiff, being the insurance carrier of the employer of the injured workman and having paid compensation and medical expenses under its contract has become legally subrogated under R.S. 23:1162 to all rights and actions to which the employer is entitled.
“The right of the employer to seek redress from a third person causing injury to an employee, for which the employee is en *18 titled to compensation, is established by R.S. 23:1101, 1102 and 1103. The first paragraph of R.S. 23 :1101 provides, in substance, that, when a compensable injury has been sustained as the result of the negligence of a third person, the acceptance of compensation by the injured employee or his dependent shall not ‘affect’ his right to claim damages from the tortfeasor and the second paragraph declared:
“ ‘Any employer having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid or become obligated to pay as compensation to any injured employee or his dependent.’
“R.S. 23:1102 provides that, if either the employee or the employer exercises the right accorded by R.S. 23:1101, he shall forthwith notify the other in writing of such fact ‘ * * * and such other may intervene as party plaintiff in the suit.’
“R.S. 23 :1103 sets forth that, in the event the party who has been thus notified becomes party plaintiff in the suit against a third person and damages are recovered, such damages shall be so apportioned in the judgment that the claim of the employer for compensation actually paid shall take precedence over that of the employee or his dependent ‘ * * * and if the damages are not sufficient or are sufficient only to reimburse the employer * * * ’ for the compensation he has paid, plus attorney’s fees and costs ‘ * * * such damages shall be assessed solely in his favor; but if the damages are more than sufficient to so reimburse the employer, the excess shall be assessed in favor of the injured employee or his dependent, * * * ’.
“The question, then, is whether these provisions confer upon the employer a separate and independent cause of action, as distinguished from a right of action, against the third person tort feasor or whether there is but one cause of action, ex delicto, which the compensation paying employer or the injured employee is accorded the right to assert separately or jointly.
“Considering the provisions of R.S. 23:-1101, 1102 and 1103 together, it seems plain that there is but one cause of action recognized for the recovery of damages resulting from a single tort. However, the right of redress against the tortfeasor has been extended by the provisions to the injured workman’s employer, who is accorded a preferential right to recover, out of the judgment for damages which may be assessed against the tortfeasor, the amount of compensation he has paid or become obligated to pay to the injured employee. This right is, of course, conditioned upon the basic right of the employee to recover damages and, according to R.S. 23:1103, if the damages awarded are for an amount less than the total compensation paid, the employer’s recovery is accordingly limited to that amount. Thus, though the compensation paying employer is given the preferential right to reimbursement out of the judgment, recovery is necessarily restricted to the amount for which the tortfeasor is liable to the injured employee for the consequences of his wrongful act.
“In addition, whenever a suit is brought against the tortfeasor by either the employer or the injured employee, the statute requires that the plaintiff give notice to the other interested party. Accordingly, should the injured employee institute suit, the compensation paying employer, upon notification thereof, no longer has the right to bring an independent action; he must intervene in the employee’s suit or his right to reimbursement for compensation will be lost.” * * *
“Since we conclude that there is but one cause of action against the tortfeasor for the injuries sustained by the employee, which may be instituted either by the employee himself or the employer for reimbursement of compensation paid, it follows that the action is governed by the prescription of one year set forth in Article 3536 of the Civil Code. This prescription, according to Article 3537, commences to run from the date on which the damage was inflicted by the defendant — in this case, the *19 date of the accident. Hence, the failure of plaintiff to assert its claim within the one year period is fatal to its action.”
In the above cited case the Supreme Court of Louisiana cited with approval Todd-Johnson Dry Docks v. City of New Orleans, La.App., 55 So.2d 650, decided by our brethren of the Orleans (now fourth) Circuit in which an injured employee filed suit against the tort feasor after he had compromised his claim for compensation with his employer and, conformably with LSA-R.S. 23:1102, notified the employer of the fact that suit had been filed. The employer did not intervene in that suit but within the prescriptive period of one year from the date of the accident filed a separate suit against the tort feasor seeking reimbursement for the compensation it had paid the injured employee. The Court held that the right of action granted to the employer had abated when it failed to intervene in the employee’s action for damages as the third-party tort feasor was liable only for damages and that his liability was not increased by the fact that the employer was liable to the employee for compensation and, therefore, it was incumbent upon the employer to intervene in the suit when notified as it was never the Legislative aim to require the third person to respond to more than one action ex delicto at which time his liability would be fully determined.
Factually, the Marquette and Todd-Johnson cases are different from the case at bar. In the Marquette case, of course, no suit was filed by the employee against the alleged tort feasor, and the plaintiff, the compensation insurer, filed its suit for reimbursement of the amounts expended one year and four months after the accident, and the court held that the prescription of one year barred recovery.
In the Todd-Johnson case the employee filed suit within the year against the alleged tort feasor after compromising his claim for compensation with his employer and notified the employer of the fact that suit had been filed, however, the employer did not intervene in this suit but filed a separate suit within the prescriptive period of one year from the date of the accident and it was held that his failure to intervene as provided by law barred recovery.
In the case at bar, as previously stated, separate suits were filed against the alleged tort feasor and the compensation insurer of the employer. The compensation suit was removed to the federal court and subsequently compromised. Two years, less four months, subsequent to the date of the accident, the compensation insurer, Maryland Casualty Company, intervened in the suit against the alleged tort feasor and its insurer by the employee, which was still pending, in which the intervenor sought reimbursement for the compensation paid to the injured employee, pursuant to LSA-R.S. 23:1102 and 1103. Under the facts of the Marquette and Todd-Johnson cases, there was no question of any interruption of prescription, however, in the case at bar it is the intervenor’s contention that the filing of the suit by the employee against the alleged tort feasor within the year interrupted prescription as to the intervention filed herein during the pendency of the employee’s suit against the alleged tort feasor, even though the intervention was filed more than a year after the date of the accident and injury to the employee.
The intervenor relies completely upon the case of Walton v. Louisiana Power & Light Company, La.App., 152 So. 760, in which a widow in her own behalf and as natural tutrix of her minor children, filed suit for damages ex delicto against the Louisiana Power and Light Company and Boudreaux, its local manager, as alleged tort feasors responsible for the death of her husband and the father of the children. In addition, the facts show that these plaintiffs had also brought suit under the compensation law against the American Mutual Liability Insurance Company and had obtained a judgment for $20 a week for 300 weeks, the maximum allowed by the statute at that time. Based upon such a judgment upon the authority of the compensation law, being at' that time Section 7 of Act 20 of *20 1914, amended by Act 247 of 1920, now R.S. 23:1101, 1102 and 1103, the American Mutual Liability Insurance Company intervened and obtained a judgment below ordering the defendants to reimburse the insurance carrier for the amount of compensation paid the plaintiffs out of the judgment rendered in this case. To the intervention was filed a plea of prescription of one year based upon the fact that the insurance company did not file suit until more than one year after the accident, when it intervened in this suit, which was by the widow individually and on behalf of her children for the death of her husband against the alleged tort feasor. The court, after discussing prior cases and finding it difficult to reconcile them, held [152 So. 764]:
“In this case, however, the present action was brought by the widow and heirs of Walton within the prescriptive period of one year from Walton’s death, and we believe that this fact is sufficient to defeat the plea of prescription.”
After citing authorities and holding that there resulted a legal interruption of prescription in favor of the intervenors by the filing of the suit by the defendants of the deceased employee within a year of the accident, the court also stated:
“But if we are mistaken in the application of the authorities cited (which we do not believe), we are comforted by the reflection that it cannot make the slightest difference to defendants. The amount for which they may be held liable cannot be augmented nor diminished by reason of the recognition of intervenor’s claim, because, to quote from the law: ‘ * * * and the payment or award of compensation hereunder shall not affect the claim or right of action of such injured employee or his dependent against such third person, nor be regarded as establishing a measure of damages for such injury; and such injured employee or his dependent may obtain damages from or proceed at law against such third person to recover damages for such injury.’ Act No. 20 of 1914, § 7, as amended by Act No. 38 of 1918, as amended by Act No. 247 of 1920.”
There can be no doubt but that the Walton case is on all fours factually with the case at bar, and the Walton case has not been overruled or even referred to by the Supreme Court. The cases which we have cited, supra, and others which were cited in those cases, did not present a question of an interruption of the prescription as square!y faces us in this case.
It is well settled in our law and jurisprudence that the filing of a suit in a court of competent jurisdiction does interrupt prescription affecting the cause of action therein sued upon against all defendants to the suit. LSA-R.S. 9:5801, Article 3516, LSA-Civil Code.
Applying the law and jurisprudence heretofore discussed, there was only one cause of action against the alleged tort feasor which could be exercised by direct action by either the injured employee, or his employer, or the latter’s compensation insurer. If, as in the case at bar, the injured employee filed a direct action within a year from the date of the accident, prescription was interrupted as to the one and only cause of action open to the employee or the employer or his compensation insurer. The intervention in the case at bar by the compensation insurer was timely even though filed approximately two years from the date of the accident, as prescription had been interrupted by the filing of the direct action on the one and only cause of action by the employee against the alleged tort feasor within the prescriptive period of one year from the date of the accident.
Additionally, the employee’s suit was still pending in the case at bar, evidently awaiting assignment and trial. The third-party tort feasor’s liability was not 'increased by the filing of the intervention for the reimbursement of the compensation paid by the employer or, in this case, the compensa *21 tion insurer to the employee. As stated in the Todd-Johnson Dry Docks case [55 So. 2d 655], “The monetary extent of the liability of the tort-feasor is determined by the application of the principles which are applied in fixing liability in tort actions, and when the extent of that liability is determined by the application of those principles the compensation statute does not provide that, in addition, the tort feasor is liable to the employer for what he, the employer, may be liable for.”
Being of the opinion, for the reasons stated, that prescription was interrupted and the intervention of Maryland Casualty Company was timely filed, the judgment of the lower court is annulled and set aside and it is now ordered, adjudged and decreed that the plea of prescription of one year filed on behalf of the defendants, Delta Well Logging Service, Inc. and Travelers Insurance Company, be and the same is hereby overruled and the case remanded to the District Court for further proceedings in accordance with law.
Reversed and remanded.