HARDY, Judge.
This action, ex delicto, was instituted by plaintiff as workmen’s compensation insurer of T. L. James & Company, Inc., the-employer of one Lemmie Tyson. Named as-defendants were the driver, owner and liability insurer of a cement mixer truck, the-alleged negligent operation of which caused the injury to Lemmie Tyson. Plaintiff' prayed for the recovery of medical expenses and compensation benefits paid and to be-paid for the benefit of Tyson. The accident which is the basis of the suit occurred on December 13, 1962, and plaintiff’s petition was filed December 10, 1963. On December 31, 1963, Lemmie Tyson filed a petition of intervention, praying for judgment against the named defendants in a. total sum in excess of $140,000.00, representing damages in the nature of personal’ injuries, medical expenses, etc. Defendants filed a plea of prescription of one year rtnder the provisions of LSA-C.C. Article 3536 as against Tyson’s petition of intervention. There was judgment in favor of defendants sustaining the plea of prescription and dismissing the intervention, from which the intervenor, Lemmie Tyson, prosecutes this appeal.
The sole specification of error urged on this appeal is that the trial judge *859 ■erred as a matter of law in holding that •the filing of suit by the insurer of inter-venor’s employer did not interrupt prescription with respect to the rights asserted ;by the injured employee.
Counsel for intervenor argues that LSA-!R.S. 23 :1102 creates a single cause of action which can be asserted either by the employer or the employee against a third person, and that the filing of a suit based on ■such a cause of action interrupts prescription, citing as authority for this contention Walton v. Louisiana Light & Power Company (La.App., Orleans, 1934), 152 So. 760; Mayon v. Delta Well Logging Service, Inc. (La.App., 1st Cir., 1961), 127 So.2d 16; and Andrus v. Security Insurance Company of New Haven (La.App., 3rd Cir., 1964, writs denied), 161 So.2d 113. We have carefully examined the authorities cited but we do not interpret them as justifying the conclusion reached by counsel with respect to the effect of the plea of prescription.
The statutory provisions of our work:men’s compensation law relating to actions of employees and employers against third ■persons are found in LSA-R.S. 23:1101-.23:1103, inclusive.
Briefly summarized, Section 1101 authorizes an injured employee, or his dependent, •to proceed against a third person who may 'be legally liable for damages sustained by reason of an injury irrespective of the right of the employee to payment of com•pensation. The section further provides for an action by an employer against a •third person for the recovery of any .amount which he has paid or may become ■obligated to pay to an injured employee or 3iis dependent.
Because of the reliance by counsel for intervenor upon Section 1102, we quote the same in full:
“If either the employee or his depend■ent, or the employer, bring suit against .a third person as provided in R.S. 23 :- 1101, he shall forthwith notify the other in writing of such fact and of the name of the court in which the suit is filed, and such other may intervene as party plaintiff in the suit.”
Section 1103 provides for the apportionment of damages recovered by judgment and gives precedence to the claim of an employer for the recovery of compensation over the claims of an injured employee or his dependent. The effect of this section is comparable to the establishment of a privilege in favor of an employer, to the extent of compensation paid and to be paid, against any judgment for damages obtained by an employee against a third person.
Conceding that the above noted statutory provision recognizes a single cause of action which may be asserted by the employee, the employer or the latter’s insurer, we find no evidence of any intent on the part of the Legislature to change, or in any manner affect, the prescriptive period of one year as fixed by LSA-C.C. Article 3536 for actions resulting from offenses.
We have carefully examined the authorities relied upon by counsel for intervenor, which are cited supra. The Walton suit was an action ex delicto by the dependents of the decedent in which an intervention was filed by the employer’s insurer seeking to recover the amount of compensation paid plaintiffs. A plea of prescription was interposed by the defendants as against the intervention upon the ground that such intervention was not filed until more than one year after the accident. The court rejected the plea of prescription. Careful reading of the opinion leads to the conclusion that the court’s action was based upon the premise that the suit, timely instituted by plaintiffs, included the extent of the damages asserted by the intervenor. The opinion cited Flower, et al. v. O’Connor, 17 La. 213, to the effect that where a defendant has been judicially notified of the claim which is the foundation of the demand for the whole of the debt, there is a legal interruption of prescription in favor of those possessing claims to a part. The rationale *860 of the court’s decision in the Walton case is somewhat ingenuously but, nonetheless, explicitly set forth in the following words:
“But if we are mistaken in the application of the authorities cited (which we do not believe), we are comforted by the reflection that it cannot make the slightest difference to defendants. The amount for which they may be held liable cannot be augmented nor diminished by reason of the recognition of intervenor’s claim * *
(Emphasis supplied)
The above quotation was followed by a quoted reference to the provision of Act 247 of 1920, which, as amended, is now incorporated in the LSA-Revised Statutes as Title 23, Section 1101, to which reference has been made above.
Counsel appears to place his primary reliance upon the Mayon case in which the court held that the timely filing of a suit by an employee against an alleged tort feasor interrupted prescription so that an intervention by a compensation insurer was timely, even though filed more than one year after the date of the accident and resulting injury. However, we point out that the court was careful to make the following observation:
“The third-party tort feasor’s liability was not increased by the filing of the intervention for the reimbursement of the compensation paid by the employer or, in this case, the compensation insurer to the employee.” (Emphasis supplied)
The Andrus case, cited supra, has no application whatsoever to the question of prescription which is here under consideration.
We think the contentions made as against the plea of prescription lack merit because they would lead to the conclusion that prescription is interrupted by the assertion of an action by one party with respect to all other parties whose claims may arise from the same cause of action. This is the identical argument that was made in the old case of Flower, et al. v. O’Con-nor (1841), 17 La. 213, in which the plaintiffs claimed that they were exercising the same right as they asserted in a previous suit:
“ * * * by virtue of the same cause of action, and that, therefore, though the first suit was dismissed for want of right in the plaintiff to institute the action in that form, it should yet work a legal interruption.”
The court in the Flower suit overruled the plea of prescription. The very essence of the reason for the holding as disclosed by the opinion of the court was that the demand for the whole amount of a claim interrupts prescription with respect to the later demand for a pari of the claim, the property or the debt involved. Simply stated, the conclusion is that a demand for the whole of a claim includes the demand for a portion thereof.
This interpretation has been consistently reiterated in our jurisprudence. In Todd-Johnson Dry Docks, Inc. v. City of New Orleans (La.App., Orl., 1951), 55 So.2d 650, the opinion of the court made the following pronouncement:
“It follows that, where the claim has been asserted by the employee in a tort action and the employer has been notified, there is nothing left of the tort claim which may be asserted by the employer in a separate action. His claim is a part of or is possibly all of the claim which has already been asserted and therefore he has no cause of action left to him. His claim is already pending in the suit which the employee has filed.” (Emphasis supplied)
The court further observed:
“The claim of the employer against the tort-feasor is limited by the amount to which the employee may be entitled in damages.”
In Peart v. Rykoski, Inc. (1940), 195 La. 931, 197 So. 605, the Supreme Court sus- *861 tamed a judgment maintaining a plea of prescription against the intervention of the Charity Hospital at New Orleans on the ground that the plaintiff’s claim did not include a demand for medical expenses or cost of hospitalization. In its opinion the court distinguished Reeves v. Globe Indemnity Co. of New York, 185 La. 42, 168 So. 488, and Callender v. Marks, 185 La. 948, 171 So. 86, on the ground that the plaintiff in these cases
“ * ⅜ * claimed or demanded the medical expenses and damages, respectively, in their petitions, which sufficiently apprised the defendant thereof, so as to interrupt prescription.” (Emphasis supplied)
In Home Ins. Co. v. Highway Ins. Underwriters (La.App., 1st Cir., 1951), 53 So. 2d 298, which involved a plea of prescription, the court commented on the case of National Retailers Mutual Ins. Co. v. American Fidelity & Casualty Co. (La. App., 2nd Cir., 1951), 51 So.2d 842, and observed :
“We do not believe the cited case apposite for the reason that in that case the plaintiff was made a party-appellee without any change in the nature or extent of the claim and the Court held that the filing of this supplemental petition naming the assured as a party plaintiff was the curing of a technical defect as to parties plaintiff, whereas in the present case Carline is not accepting the petition as filed but is asserting an independent claim on his own behalf and which was not contained or included in the original suit.” (Emphasis supplied)
We have found no authority in our jurisprudence which applies exactly to the issue presented in the instant case, and, therefore, our reasoning has, perforce, been based upon analogy. It is true that our courts have held that an employer or his insurer may intervene in a suit already instituted by an employee, even though more than one year has elapsed since the occurrence of the accident and resulting injury. But, as we have attempted to point out, we think this principle has been adopted because such claims have been included in the plaintiff’s demand. We find no indication in the authorities examined that would establish the converse of this proposition, namely, that an employee may intervene in an action by an employer or his insurer, even though such intervention is filed after the running of the prescriptive period.
It seems to us that one of the essential requirements for the application of prescriptive provisions, as established in our jurisprudence, is the notification to a defendant not only of the cause of the action but the nature and extent of the demand. It, therefore, appears proper to conclude that a claim which either changes the nature or enlarges the extent of the demand is not protected against the limitation of a prescriptive period.
For the reasons assigned, the judgment appealed from is affirmed at appellant’s cost.
GLADNEY, J., dissents.