175 So.2d 263

**NATIONAL SURETY CORPORATION**

v.

**STANDARD ACCIDENT INSURANCE COMPANY et al., Lemmie Tyson, Intervenor-Relator.**

No. 47572.

May 3, 1965.

Rehearing Denied June 7, 1965.

John P. Godfrey, Many, for relator.

Cook, Clark, Egan, Yancey & King, Sidney B. Galloway, Shreveport, for respondents.

HAMLIN, Justice.

Certiorari was granted herein (Art. VII, Sec. 11, La.Const. of 1921, LSA) in order that we might review a judgment of the Court of Appeal, Second Circuit, which affirmed a judgment of the trial court sustaining a plea of prescription of one year, as provided by Article 3536 of the LSA–Civil Code, filed by defendants to the petition of intervention of Lemmie Tyson, La. App., 168 So.2d 858; 247 La. 259, 170 So. 2d 512.

On December 10, 1963, National Surety Corporation, the workmen's compensation insurer of T. L. James & Company, Inc. (hereinafter referred to as T. L. James), filed suit against (1) Gifford-Hill & Company, Inc. (hereinafter referred to as Gifford-Hill), owner of the Mack tandem truck herein involved and employer of Brown Ferguson, the truck operator, (2) Standard Accident Insurance Company, the insurer of Gifford-Hill, and (3) Brown

Ferguson. It alleged that while in the course and scope of his employment with T. L. James on December 13, 1962, Lemmie Tyson suffered disabling injuries resulting from the negligence of Brown Ferguson, who was assisted at the time of the accident by Lemmie Tyson in the pouring of concrete for Interstate Highway No. 20 being constructed by T. L. James.[1] Plaintiff prayed for workmen's compensation and medical expenses previously paid ($5,153.10), plus interest and costs, and for future workmen's compensation and medical expenses it might have to pay.[2] In addition to praying for service and citation on the three named defendants, plaintiff prayed for service and citation on Lemmie Tyson, alleging that he was an interested party in the proceedings.

On December 31, 1963, Lemmie Tyson filed a petition of intervention; he reiterated and adopted the pertinent allegations of plaintiff's petition and prayed for an in solido judgment against the three

---

1. It is alleged that the accident occurred as follows:

"A. The said Brown Ferguson, operating the Mack tandem truck, had poured concrete in other areas of the job and, after finishing pouring in one area, had pulled forward to back into another area to pour additional concrete;

"B. As previously done on the other pouring sites, Lemmie Tyson was required to walk to the rear of the truck on the right side, holding the trough from which the cement was poured as the truck was being backed over the area;

"C. That the trough was less than four feet long, the extensions having been removed prior to the accident;

"D. The Mack tandem truck, after being placed in reverse gear, suddenly and without warning, speeded up, and/or deviated from a straight line, and knocked Lemmie Tyson down, the back rear wheels running over his right foot and leg."

2. Alternative allegations with regard to the alleged joint negligence of Brown Ferguson and Wilburn Smith, an alleged employee of T. L. James, were made; further, in the alternative, the sole negligence of Wilburn Smith was alleged.

defendants in the sum of $141,368.10, together with interest and costs.

Among other pleadings, the defendants filed a peremptory exception of prescription to Tyson's intervention, averring that the accident occurred on December 13, 1962; that the petition of National Surety Corporation was filed on December 10, 1963 and made demand for nothing more than reimbursement for compensation and medical expenses paid to or on behalf of Lemmie Tyson, or to be paid in the future; that the petition of intervention was not filed until December 31, 1963, more than one year from the date of the accident and injury complained of by Lemmie Tyson; and, that they expressly pleaded a prescription of one year, as provided by Article 3536 of the LSA–Civil Code, as a bar to the petition of intervention filed by Lemmie Tyson. They prayed that Tyson's intervention be dismissed with prejudice and at his costs. As stated supra, this exception was maintained by the trial court whose judgment was affirmed by the Court of Appeal.

In this Court, intervenor-relator Lemmie Tyson sets forth the following specification of error:

"The Court of Appeal erred, with one of its three Judges dissenting, in holding that the filing of suit against a *tort feasor* by the compensation insurer of an employer for damages sustained by it as a result of having paid compensation and medical expenses to the employee injured by said *tort feasor* did not interrupt prescription with respect to an intervention filed in said suit by such injured employee."

The question presented for our determination is whether the action filed by plaintiff served to interrupt prescription and thereby permit Lemmie Tyson to assert the rights or remedy he seeks to enforce later than one year after the accident.

In answering this question negatively, the Court of Appeal stated:

"We have found no authority in our jurisprudence which applies exactly to the issue presented in the instant case, and, therefore, our reasoning has, perforce, been based upon analogy. It is true that our courts have held that an employer or his insurer may intervene in a suit already instituted by an employee, even though more than one year has elapsed since the occurrence of the accident and resulting injury. But, as we have attempted to point out, we think this principle has been adopted because such claims have been *included* in the plaintiff's demand. We find no indication in the authorities examined that would establish the converse of this proposition, namely, that an employee may intervene in an action by an employer or his insurer, even though

such intervention is filed after the running of the prescriptive period.

"It seems to us that one of the essential requirements for the application of prescriptive provisions, as established in our jurisprudence, is the notification to a defendant not only of the cause of the action but the *nature and extent of the demand*. It, therefore, appears proper to conclude that a claim which either changes the nature or enlarges the extent of the demand is not protected against the limitation of a prescriptive period."

In the instant case, defendants argue in brief that the injury of relator gave rise to one cause of action. They urge that the law gave at least two persons, the plaintiff and the relator, a right of action or remedy. The assertion of a right or remedy by one creditor which interrupts prescription as to him does not necessarily interrupt prescription as to the other, even though their rights may arise out of the same cause of action.

Tyson's intervention was filed under LSA–R.S. 23:1102, which provides that, "If either the employee or his dependent, or the employer, brings suit against a third person as provided in R.S. 23:1101,[3] he shall forthwith notify the other in writing of such fact and of the name of the court in which the suit is filed, and such other may intervene as party plaintiff in the suit."

No mention is made in the above statute or in LSA–R.S. 23:1101 as to when an employer or an injured employee must file suit or intervene. Article 2315 of the LSA–Civil Code assesses liability for acts causing damage to another, and Article 3536 of the Code provides that an action resulting from offenses or quasi offenses prescribes by one year. We find no mention in either the statutes or the Code as to what effect the timely filing of a suit by one party has on the filing of an intervention by the other party more than one year after the occurrence of the alleged tortious act. However, Act 31 of

3. "When an injury for which compensation is payable under this Chapter has been sustained under circumstances creating in some person (in this Section referred to as third person) other than the employer a legal liability to pay damages in respect thereto, the injured employee or his dependent may claim compensation under this Chapter and the payment or award of compensation hereunder shall not affect the claim or right of action of the injured employee or his dependent against such third person nor be regarded as establishing a measure of damages for the injury; and such injured employee or his dependent may obtain damages from or proceed at law against such third person to recover damages for the injury.

"Any employer having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid or become obligated to pay as compensation to any injured employee or his dependent." LSA–R.S. 23:1101.

1960, LSA–R.S. 9:5801, "Interruption of prescription by filing of suit, service of process", recites:

"All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue. When the pleading presenting the judicial demand is filed in an incompetent court, or in an improper venue, prescription is interrupted as to the defendant served by the service of process." [4]

In Hope v. Madison, 192 La. 593, 188 So. 711, this Court stated:

"A cause of action is an act on the part of a defendant which gives rise to a plaintiff's cause of complaint; 'the existence of those facts which give a party a right to judicial interference in his behalf'; 'the situation or state of facts which entitles a party to sustain an action'.

" 'When used with reference to the pleadings by which the cause of action is alleged, the phrase signifies the facts upon which the plaintiff's right to sue is based, and upon which the defendants duty has arisen, coupled with the facts which constitute the latter's wrong.' Quotations from 2 Words & Phrases, First Series, Cause of Action, p. 1017."

In Dupre v. Consolidated Underwriters, 99 So.2d 522, the Court of Appeal pertinently stated that, "It should be noted, first, that the 'demand' of the suit is not synonymous with the 'cause of action(s)' therein, cf., Quarles v. Lewis, 226 La. 76, 75 So.2d 14. The demand is the object of the suit, see Article 137, C.P.; De Lee v. Price, La.App. 1 Cir., 94 So. 2d 79,—in this case the demand for a monied judgment of one thousand dollars.

4. An explanatory note by Henry G. McMahon to LSR–R.S. 9:5801 states that the statute was amended, on the recommendation of the Louisiana State Law Institute, to embody both of the rules relating to the interruption of prescription by suit. The note also refers to Art. 421 of the LSA–Code of Civil Procedure and Comment (e) thereunder, which recite:
"A civil action is a demand for the enforcement of a legal right. It is commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction. Amicable demand is not a condition precedent to a civil action, unless specifically required by law." Art. 421, LSA–Code of Civil Procedure.
"(e) While this article is based in part on the provisions of R.S. 9:5801, the statute contains additional language which is quite necessary. In order to effectuate the purposes of this Code, legislation has been recommended proposing that R.S. 9:5801 be amended and as amended it incorporates the rule of Art. 3518 of the Civil Code and the jurisprudence to the effect that even though the action is filed in an improper venue or in a court which has no jurisdiction, prescription is interrupted by the service of citation upon the defendant.
* * *"

A cause of action is 'the situation or state of facts which entitles a party to sustain an action', i. e., which gives him 'a right to judicial interference in his behalf,' Hope v. Madison, 192 La. 593, 188 So. 711, 715 * * *" Cf. Richard v. National Surety Corporation, La.App., 99 So.2d 831, 833, for a discussion of the distinction between the exception of no right of action and the exception of no cause of action.

Article 1031 of the LSA–Code of Civil Procedure provides that "Intervention" is an incidental demand to the principal demand and may be instituted against an adverse party or against a third person.[5] Article 1033 further provides that an incidental demand may be filed without leave of court at any time up to and including the time the answer to the principal demand is filed. The incidental demand may be filed thereafter, with leave of court, if it will not retard the progress of the principal action.

In Marquette Casualty Company v. Brown, 235 La. 245, 103 So.2d 269, this Court held: ·

"Considering the provisions of R.S. 23:1101, 1102 and 1103 together, it seems plain that there is but one cause of action recognized for the recovery of damages resulting from a single tort. However, the right of redress against the tortfeasor has been extended by the provisions to the injured workman's employer, who is accorded a preferential right to recover, out of the judgment for damages which may be assessed against the tortfeasor, the amount of compensation he has paid or become obligated to pay to the injured employee.[6] This right is, of course, conditioned upon the basic right of the employee to recover damages and, according to R.S. 23:1103, if the damages awarded are for an amount less than the total compensation paid, the employer's recovery is accordingly limited to that amount. Thus, though the compensation paying employer is given the preferential right to reimbursement out of the judgment, recovery is necessarily restricted to the amount for which the tortfeasor is li-

5. A comment to Art. 1031 states: "This and succeeding articles reduce the incidental demands in Louisiana from five to three. The reconventional demand is used for the purpose of pleading compensation, and the intervention is broadened to encompass the third opposition."

6. A footnote to the above quotation states: "In this connection, we take note again of the decision in London, Guarantee & Accident Ins. Co. v. Vicksburg, S. &

P. R. Co., 153 La. 287, 95 So. 771, wherein it was deduced that the provisions of Section 7 of the Employers' Liability Act (Act 20 of 1914), before it was changed by Act 247 of 1920 (which was later incorporated in the Revised Statutes as R.S. 23:1101, 1102 and 1103), conferred no new right in favor of the compensation paying employer as he was already invested with a right of action under Article 2315 of the Code."

able to the injured employee for the consequences of his wrongful act.

"In addition, whenever a suit is brought against the tortfeasor by either the employer or the injured employee, the statute requires that the plaintiff give notice to the other interested party. Accordingly, should the injured employee institute suit, the compensation paying employer, upon notification thereof, no longer has the right to bring an independent action; he must intervene in the employee's suit or his right to reimbursement for compensation will be lost."

The identical question herein involved has not been raised in our prior jurisprudence. We find, however, that there have been at least two cases in which the parties were in positions converse to plaintiff and intervenor. In proceedings instituted by employees, employers were per-

mitted to intervene more than a year after the accident; reasons given were that the interventions would make no difference to the defendants because liability was not increased by the filing of the interventions. Walton v. Louisiana Power & Light Co., La.App., 152 So. 760; Mayon v. Delta Well Logging Service, Inc., La.App., 127 So.2d 16.

In the light of the above jurisprudence and law, statutory and otherwise, we approach a solution of the instant matter, having in mind the present philosophy that lawsuits should be decided on their merits and should not turn on arbitrary or technical rules of procedure. Page XIII, Report of the Louisiana Law Institute to accompany the Projet of the Proposed Louisiana Code of Civil Procedure.[7]

We find that one principal cause of action resulting from a single tort exists herein—namely, the alleged negligence of

7. The Report further states: "Of necessity, a number of changes in the present procedural law are recommended. These consist principally of the modification and modernization of the present rules rather than the adoption of new ones. Despite the excellent work done by our appellate courts during the past quarter-century in the discarding of hypertechnical jurisprudential rules, a large number of these remain in our procedural law. They are anachronistic relics of the era when a lawsuit was regarded merely as a duel between skilled protagonists. These unfortunate jurisprudential rules are recommended for legislative overruling.

" * * *

"The procedural philosophy of the proposed new code is reflected in a number of its articles. While differently phrased, all of these provisions are based on the simple premise that lawsuits should be decided on their merits, and should not turn on arbitrary or technical rules of procedure. Perhaps this procedural philosophy is summarized by Article 5051 of the proposed new code, recommended for adoption as a perpetual reminder to the courts:

" 'The articles of this Code are to be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves.' " Pages XII and XIII of the above report.

Brown Ferguson. Marquette Casualty Company v. Brown, supra; Lewis v. Republic Supply Co., La.App., 155 So.2d 200. As stated supra, the employer's insurer alleged negligence, and the employee adopted his allegations. Recovery is predicated upon the proof of the sole or joint negligence of Ferguson; if damages accrue to Tyson, benefits and expenses paid by plaintiff must be subtracted from them.

LSA–R.S. 23:1101, 23:1102, 23:-1103, supra, do not set forth whether the injured employee or employer or the employer's insurer shall sue first; when one files suit, however, the other, if he desires recovery must intervene. The intervention is incidental despite that it is filed by the employee. Article 1031, LSA–Code of Civil Procedure, supra.

It is true that herein the monetary demand of the employer's insurer is substantially smaller than the monetary demand of Tyson, but both demands arise and stem from one cause of action. Defendants did not answer plaintiff's original petition until January 16, 1964; thus, the intervention filed December 31, 1963 did not retard the progress of the principal action. Article 1033, LSA–Code of Civil Procedure, supra.

LSA–R.S. 9:5801, supra, recites that *all prescriptions* affecting the cause of action sued upon are interrupted as to *all defendants* by the commencement of a civil action in a court of competent jurisdiction. Certainly the claim of Tyson affected the one cause of action alleged by plaintiff; it follows that any prescription applying to the filing of an intervention by Tyson was interrupted by the timely filing of suit by the employer's insurer, especially, as stated supra, when the intervention was filed before answer. We conclude that herein there can be no separate prescription which applies to rights of action as opposed to cause of action.

For the reasons assigned, the judgment of the Court of Appeal, Second Circuit, is reversed and set aside. It is now ordered that defendants' plea of prescription filed to Lemmie Tyson's petition of intervention be and it is hereby overruled. The matter is remanded to the trial court for further proceedings in accordance with law. All costs in connection with the disposition of the plea of prescription are to be paid by defendants. All other costs to await the final determination of this cause.