317 So.2d 217 (1975)
UNITED STATES FIRE INSURANCE COMPANY
v.
Gloria B. LAWSON.
No. 6865.
Court of Appeal of Louisiana, Fourth Circuit.
July 8, 1975.
Rehearing Denied September 9, 1975.
Writ Refused October 31, 1975.
*218 Harvey L. Strayhan, Sessions, Fishman, Rosenson, Snellings & Boisfontaine, New Orleans, for plaintiff-appellant.
Leonard A. Washofsky, Jackson & Hess, New Orleans, for defendant-appellee.
Before REDMANN, LEMMON and BEER, JJ.
REDMANN, Judge.
Plaintiff insurer paid claims under its uninsured motorist coverage over a year after an automobile accident, and then sued the uninsured motorist to recover the $4,500 paid. The trial court dismissed on an exception of tort prescription and the insurer appeals.
The insurer argues it is unfair to hold the insurer during a ten-year contract prescriptive period, Booth v. Fireman's Fund Ins. Co., 1969, 253 La. 521, 218 So. 2d 580, while releasing the tortfeasor by the one-year tort prescription. We first reject this argument. Booth itself notes that policy provisions may require the insured's assistance "to preserve the tortfeasor's obligation for the benefit of the insurer. . .," 218 So.2d at 584. Breach of those policy provisions may constitute a defense to the contractual action of the insured. Neither the policy nor the circumstances in this case are alleged or in evidence from trial of the exception. Presumably a breach which causes loss of the tortfeasor's obligation, as by prescription, could be a defense against the uncooperative insured's claim against the insurer. Thus, if an insured were to wait beyond a year before presenting his claim, the insurer might successfully defend on the basis of breach of the obligation "to preserve the tortfeasor's obligation"although not on the basis of one-year tort prescription.
In any event, this case is governed by Marquette Cas. Co. v. Brown, 1958, 235 La. 245, 103 So.2d 269. There a workmen's compensation insurer's demand for reimbursement against a tortfeasor was held prescribed by one year. The court reasoned that no cause of action existed except that granted by the statute, R.S. 23:1101-1103, which was held to be subrogation to the injured workman's tort claim.[1] The same arguments made hereon quasi-contract indemnity and de in rem verso would have applied to Brown. Yet tort prescription was applied against the insurer's claim in Brown, and Brown was cited without any hint of disagreement in the plurality opinion in Minyard v. Curtis Products, Inc., 1968, 251 La. 624, 205 So.2d 422, 429, 430 (on whose de in rem verso theory our insurer relies).
Affirmed.
NOTES
[1] Compare R.S. 22:1406, subd. D(4), providing only that "[i]n the event of payment to any person under [uninsured motorist coverage] * * * the insurer making such payment shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person . . ." against tortfeasor, etc. (Emphasis added.)