344 So.2d 386 (1977)
ALLSTATE INSURANCE COMPANY
v.
LOUISIANA GAS SERVICE COMPANY.
No. 8241.
Court of Appeal of Louisiana, Fourth Circuit.
March 15, 1977.
Rehearing Denied April 13, 1977.
Writ Granted June 8, 1977.
*387 Monroe & Lemann, Andrew P. Carter, Eugene G. Taggart and George F. Riess, New Orleans, for Louisiana Gas Serv. Co.
Rudolph R. Schoemann, New Orleans, for Allstate Ins. Co. and William C. Coughran.
Before REDMANN, STOULIG and BOUTALL, JJ.
BOUTALL, Judge.
This suit arises from an explosion and gas fire which destroyed the residence and photography studio of William C. Coughran on July 11, 1971. Coughran's insurer, and by way of amendment, Coughran himself, sought recovery of property damage. There was a trial by jury, and the jury's award of $90,000 damages was made the judgment of the court. Defendant appeals that judgment.
Defendant's appeal is limited to two issues: the issue of prescription barring the claim of William Coughran and the issue of quantum of damages. We first deal with the issue of prescription.
The original petition was filed by Allstate Insurance Company on May 17, 1972, seeking recovery of the sum of $22,000 which the insurer had paid to William Coughran under its insurance policy. Under the insurance policy the insurer was subrogated to the right to recover any money paid by the insurer arising from the claim. In this original petition, paragraph VII alleged the explosion and fire completely destroyed the premises and the owner's contents causing damages in the sum of about $28,808.23.
The first amended petition was filed on November 27, 1974. In this amended petition William Coughran first appeared as additional plaintiff and sought recovery of the sum of $6,808.23, the difference between the alleged value of the property lost and the amount of insurance proceeds paid by Allstate.
The second amended petition was filed on April 23, 1975. In this second amended petition, William Coughran sought to amend paragraph VII of the original petition to read as follows:

*388 "However, the explosion and ensuing fire, completely destroyed the premises and the contents, causing William C. Coughran to lose his entire business, and he itemizes his damages as follows:

 (1) Loss of premises and its
 Contents $36,012.40
 (2) Loss of entire business, including
 good will and future
 earning capacity 100.000.00
 ____________
 Total: $136,012.40"

To support their amendments, the appellees rely upon the case of National Surety Corporation v. Standard Accident Insurance Co., 247 La. 905, 175 So.2d 263 (1965), contending that LSA-R.S. 9:5801 is to be given a liberal interpretation. LSA-R.S. 9:5801 says, in part:
"All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors and interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue."
In National Surety Corporation v. Standard Accident Insurance Co., (supra), the plaintiff insurer had timely filed suit to recover workmen's compensation benefits paid to its insured against a third party tort feasor. Later, the injured employee intervened in the suit to recover damages for personal injuries after the prescriptive period had expired. In response to the defendant's plea of prescription, the intervenor argued that prescription was interrupted with the timely filing of the first suit. The Supreme Court held that, although there were two suits, there was but one cause of action resulting from a single tort, the alleged negligence of the defendant. The court noted at page 266:
"A cause of action is an act on the part of a defendant which gives rise to a plaintiff's cause of complaint; `the existence of those facts which give a party a right to judicial interference in his behalf; `the situation or state of facts which entitles a party to sustain an action'."
* * * * * *
and at page 268:
"We find that one principal cause of action resulting from a single tort exists hereinnamely, the alleged negligence of Brown Ferguson. Marquette Casualty Company v. Brown [235 La. 245, 103 So.2d 269], supra; Lewis v. Republic Supply Co., La.App., 155 So.2d 200. As stated supra, the employer's insurer alleged negligence, and the employee adopted his allegations. Recovery is predicated upon the proof of the sole or joint negligence of Ferguson; if damages accrue to Tyson, benefits and expenses paid by plaintiff must be subtracted from them.
* * * * * *
"It is true that herein the monetary demand of the employer's insurer is substantially smaller than the monetary demand of Tyson, but both demands arise and stem from one cause of action."
The case before us is even more limited than the case of National Surety Corporation (supra). In this case, both Allstate Insurance Company and William Coughran are seeking recovery for the destruction or damage of certain property, namely William Coughran's home, photography studio, photography equipment and supplies. William Coughran additionally seeks to recover a further element of damage (loss of business) from the same property loss for which Allstate Insurance Company seeks recovery, caused by the same negligent act. In the first amended petition, Coughran simply claims the amount of property loss previously alleged but not sought by the subrogee. In the second, he increased the value of the property lost or damaged as a result of defendant's negligence, and added another element of damages.
We believe that Article 1153, Louisiana Code of Civil Procedure applies to this case:
"When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set *389 forth in the original pleading, the amendment relates back to the date of filing the original pleading."
A reliance upon the importance of notice rather than procedural technicalities has enabled Louisiana courts to give article 1153 a liberal interpretation.[1] In Nini v. Sanford Brothers, Inc., 276 So.2d 262 (La.S.Ct., 1973), the court said:
"In Louisiana, the essence of interruption of prescription by suit has been notice to the defendant of the legal proceedings based on the claim involved. If suit is filed in a court of competent jurisdiction, prescription is interrupted."
The commentators support this liberal view of allowing amendments to relate back. When it has been established that the defendant has been judicially notified, so as to acquire sufficient knowledge of the rights which are sought to be enforced against him by a suit, there results a legal interruption in favor of those to whom the rights may belong. 8 Oeuvres de Pothier, Traite de la Prescription, Partie I, Chapitre II, No. 54 (1835).
In his article, Amendment of Pleadings in Louisiana, 43 Tul.L.Rev. 211, 234 (1969), Justice Tate suggested requirements for allowing amendments to relate back to the original filing:
"There should be some factual connexity between the original and amended assertions, together with some identity of interest between the original and supplemental party, before the amendment is excepted from the interests intended to be protected by the prescriptive statute."
We have no difficulty in finding that the first amended petition seeking recovery of the $6,808.23 relates back to the time of the filing of the original petition in light of the fact that the defendant had complete knowledge of the allegation of the loss of that amount by way of paragraph VII of the original petition.
In considering the timeliness of the filing of the second amending petition which sought to increase the monetary value of the property lost and/or destroyed by the explosion and fire, we apply the suggested test for allowing amendments to relate back set forth in 43 Tul.L.Rev. quoted above.
The factual connexity between the original and amended petitions is evident from the pleadings themselves. Indeed, the facts of negligence and the property loss are identical. As to identity of interests, Coughran and Allstate Insurance Company had identical interests in showing property loss in excess of $22,000. We see no difference basically between the subrogor-subrogee relationship in this case and that of National Surety Corporation, supra. We further note that the trial judge continued trial from date of filing the second amended petition (April 23, 1975) to October 22, 1975, giving defendant ample time to meet the new element of loss alleged.
The plea of prescription was not made in the trial court, so there is of course no judgment concerning it. The plea was filed for the first time in this court. For the reasons stated above, we are of the opinion that it should be overruled and dismissed.
We now turn to the issue of quantum of damages.
Appellant contends that William Coughran failed to prove with any certainty the damages allegedly sustained in excess of $27,567.38. We note that the evidence of proof of loss is necessarily sketchy due to the fact that all of William Coughran's records were destroyed by the fire. In the absence of the records, the plaintiff Coughran testified to the value of his losses and supported his testimony regarding replacement cost and lost profits with the testimony of another photographer. Thus, some basis was established from which the jury could determine damages.
*390 In the assessment of damages that cannot be fixed with preciseness, there is much discretion left to the jury. LSA-C.C. 1934(3). To modify an award for damages, an appellate court must find that the trial judge or jury has abused the "much discretion" accorded by the codal provision. Miller v. Thomas, 258 La. 285, 246 So.2d 16 (1971). We cannot find that the jury abused its "much discretion" in its award in the case before us, and accordingly, the award of damages in the amount of $90,000 is affirmed.
For the foregoing reasons, the judgment appealed is affirmed.
AFFIRMED.
REDMANN, Judge, dissenting in part.
The prescription by which debts are released, is a peremptory and perpetual bar to every species of action, real or personal, when the creditor has been silent for a certain time without urging his claim. (La.C.C. 3459).
Here, the individual insured was "silent. . . without urging his claim" for the prescriptive period of one year, C.C. 3536. Under codal principles, the exemption of prescription should be maintained.
National Surety Corp. v. Standard Acc. Ins. Co., 1965, 247 La. 905, 175 So.2d 263, however, interprets La.R.S. 9:5801's interruption of "[a]ll prescriptions affecting the cause of action [first] sued upon" as interrupting prescription in favor of all possible plaintiffs. I concur that we are constrained to follow National Surety and its concept of cause of action for purposes of R.S. 9:5801.
On quantum I dissent. The bulk of the award (that for good will and lost earnings) is unsupported by the evidence.
NOTES
[1] Comment, 14 Tul.L.Rev. 601, 609 (1940).